**FILED**

UNITED STATES DISTRICT COURT

FEB 2 7 2006

FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Marcia Lorraine Madden

2951 Satellite Blvd., N.W. #331

Duluth, Georgia 30096-2332

770-476-4858

CASE NUMBER   1:06CV00356

JUDGE: Reggie B. Walton

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 2/27/2006

v

United States of America (Department of Veterans Affairs/EEOC/VAMC; Department of the

Air Force/366th MDG/DoD IG/JA/MEO; Community General Hospital; Georgia/Grady Health

Systems; National Council of State Boards of Nursing)

Plaintiff, Marcia L. Madden, pro se attorney, complaining of the defendant (s), alleges as

follows: Medical Malpractice/Negligence/Personal Injuries/Unlawful Employment

Discrimination/Civil Rights Violation in a Verified Civil Complaint

1. Marcia L. Madden is a resident of the State of Georgia, residing in the County of

Gwinnett at 2951 Satellite Blvd., N.W., Apt.#331, Duluth, Georgia 30096.  Ph#770-676-6858.

2. Upon information and belief, this is a multiple district litigation against the

above-named defendant (s) head-quartered in the District of Columbia, Washington, D.C.  The

bill of particulars in this civil action suit originates in the New York State Division of Human

Rights located at 333 East Washington Street, Syracuse, N.Y., 3202; Onondaga county and the

New York  District Office located in New York, New York.

1

## AS AND FOR A FIRST CAUSE OF ACTION

3. Marcia L. Madden repeats and realleges paragraphs 1-2 as though more fully stated herein.

4. That in accordance with Article 15, Title VII, her civil rights was violated when she experienced unlawful employment discrimination in the States of Georgia, Idaho, and New York.

5. That Marcia L. Madden was employed on 9/28/98 as a nurse aide on a medical surgical unit at Community General Hospital pending successful completion of New York State Nurse Board examination and license to practice as a registered nurse. Nonetheless, in light of Ms. Maddens' circumstances, her nurse manager and co-workers often criticized her care of patients and performance of nurse aide duties.

6. That as a result of Ms. Maddens' withdrawal from staff and co-workers, she was labeled as having a 'bad attitude' and received two counseling action forms, dated 11/24/98 and 01/21/99 regarding poor job performance.

7. That nurse manager, Linda Blair, was notified by Ms. Madden that she had successfully passed the State Boards examination on 12/20/98 and now desired to seek a registered nurse position and be transferred to another unit within the same facility.

8. Ms. Madden sought out the job bulletin board and interviewed for an advertised opening on the cardiac telemetry unit on 01/20/99.

9. That as a result of interview and job offer, Ms. Madden was terminated and discharged from Community General Hospital following receipt of second counseling action form on 01/21/99.

10. That on February 22, 1999, Marcia L. Madden initiated a complaint against Community General Hospital with the State Division of Human Rights in Syracuse, New York

thereby requesting an investigation into an unlawful discrimination practice in violation of

Article 15, Title VII; attached as Exhibit A.


## AS AND FOR A SECOND CAUSE OF ACTION

11. Marcia L. Madden repeats and realleges each and every allegation contained in

paragraphs 1 through 10 as though more fully stated herein.

12. That in addition to civil rights violation, she also alleges medical malpractice,

negligence and personal injuries while employed as a registered nurse in the Nurse Corps,

Department of the Air Force/366th Medical Group/MHAFB Hospital located at 90 Hope Drive,

Mountain Home AFB, Idaho 83648; Elmore County.

13. Upon information and belief, she was inadequately and improperly treated on several

occasions for many physical ailments including a undiagnosed ear infection that went untreated

for several months. In addition, while involuntarily separated from active duty Air Force and

suffering from severe depression, stress/anxieties, back/headaches, and earaches/sore throat; Ms.

Madden experienced a near-fatal automobile accident in the city of Boise, Idaho when she

attempted to seek help from the VA Regional Office.

14. That as a civilian seeking treatment through the Department of Veterans Affairs/

Atlanta VAMC located at 1670 Clairmont Road, Atlanta, Georgia 30033; Dekalb County. Ms.

Maddens' care again was compromised at the hands of federal employees (mental health care

practitioner); thus experiencing another near-fatal automobile accident and at least two other

automobile incidents related to adverse reactions (neuroleptic-induced oculogyric crises) of

several prescribed psychotropic medications which altered her sensorium. Please see

memorandum dated 10/25/05; attached as Exhibit B.

15. That due to federal employee negligence and provider (physician)compromise, lack of medical ethics, improper diagnoses and treatment, Ms. Madden was personally injured and also suffered property damages to automobile. Please see motor vehicle accident/collision reports dated 11/26/02, 09/08/04, and Gwinnett County Police Precinct/EMT paramedic incident report dated 06/01/04; attached as Exhibits C, D, E.

## AS AND FOR A THIRD CAUSE OF ACTION

16. Marcia L. Madden repeats and realleges each and every allegation contained in paragraphs 1 through 15 as though more fully stated herein.

17. That upon information and belief, Ms. Madden experienced abuse of authority and prejudicial treatment from several federal employees (Lt. Col. Lawrence A. Becker, Joyce Shively, Mary S. Armour, Peter M. Young; Colonel Patricia C. Lewis; Major David M. Race, Cheryl Lyon, Kimberly G. Coltman, Katherine J. Reinecke; Captain Cheryl Gentile, Lisa A. Coburn, Dianne M. Stroble, Carlito L. Enriquez, Sean N. Bennett, Michael McGann, Brenda C. Cook, Joanne E. Murphy, Malee K. Sandborn; and Lieutenant Bobby D. Mitchell, Dale DeSalis

18. That Ms. Maddens' basic civil (legal/professional) and humane (patient/privacy) rights were grossly violated on several different occasions.

19. That as a result of mistreatment, Ms. Maddens' lack of sincerity and trust in co-worker's (both superior and inferior) was a direct result of the abuse of authority, prejudicial treatment, violation of privately shared information, and unlawful disclosure of confidential medical details contained in records.

20. That as a result of federal employee negligence (Dr. O'griofa Fionan; Dr. Matthew Conklin; Dr. Jennifer Blomquist; Dr. Tina A. McGuffey; and Dr. Michelle Barg); Ms. Madden

was improperly diagnosed and inadequately/ improperly treated, thereby resulting in personal

injuries to plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION

21. Marcia L. Madden repeats and realleges each and every allegation contained in

paragraphs 1 through 20 as though more fully stated herein.

22. Ms. Madden further alleges violation of basic civil, patient/privacy rights and

defamation of character against AFMOA/SGZC located at 110 Luke Avenue, Bolling AFB, DC

20332-7050; and DoD OIG located at the Pentagon, Washington, D.C. 20091-0410.

23. That on March 08, 2002 a informational letter was signed by Colonel Michael W.

Spatz, sent to the National Council on State Boards of Nursing, and the New York State Board

which contained inaccurate and damaging information regarding Ms. Maddens' care of patients

and performance of nursing duties; attached Exhibit F.

24. That as a result of correspondence signed by Major Kimberly Robinson on 03/11/02

and forwarded to the 366 Medical Group Commander, Colonel William J.Gray, III, Ms. Madden

was reported to the NCSBN and original state of licensure and permanently removed from

patient care; attached as Exhibit G.

25. That as a result of these and other adverse actions directed by several government

officials and commanders in the 366th Medical Operations Squadron including Patricia C.

Lewis; Mary S. Armour; Joyce Shively; Kimberly Robinson; Ms. Madden was demoted and

found not qualified for promotion to first lieutenant resulting in suspension and ultimate

revocation of nursing privileges.

WHEREFORE, Marcia L. Madden demands judgment from the United States of America and its aboved named defendant (s) as follows:

1. In the first cause of action, that Marcia L. Madden be awarded a money judgment in the sum of $37,000,000.

2. In the second cause of action, that Marcia L. Madden be awarded a money judgment in the sum of $73,000,000.

3. In the third cause of action, that defendant (s) be required and directed to give a just and true/accurate account to Marcia L. Madden of all legal proceedings concerning her rights and eligibility to be employed as a registered nurse, proceed with legal and professional practice; and be fairly compensated, which, upon belief, exceeds all monetary values.

4. In the fourth cause of action, that Marcia L. Madden be awarded double punitive damages and/or $110,000,000.

5. Interest, costs and disbursements in this action.

6. Such other and further relief as to the Court may deem just and proper in the premises.

Dated: 24 Feb 2006

MARCIA L. MADDEN

Per Se Attorney

2951 Satellite Blvd., N.W. #331

Duluth, Georgia 30096-2332

## VERIFICATION

STATE OF GEORGIA

COUNTY GWINNETT

Marcia L. Madden, being duly sworn, deposes and says:

Deponent is the plaintiff in the within action. Deponent has read the foregoing Verified

Complaint and knows the contents thereof; and the same is true to Deponent's own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those

matters Deponent believes it to be true.

The grounds of Deponent's belief as to all matters not stated upon Deponent's knowledge

are documents in Deponent's files.


MARCIA L. MADDEN


Sworn to before me this

24th day of February, 2006


Notary Public

**TIM LAN**
Notary Public, Gwinnett County, Georgia
My Commission Expires June 9, 2008



In Reply Refer to: 08J

July 3, 2003

Marcia Madden
2951 Satellite Blvd.
NW Apt B-331
Duluth, GA 30096

**SUBJECT: NOTICE OF RIGHT TO FILE A DISCRIMINATION COMPLAINT, CASE # 2001-0557-2003103257**

1. This notice informs you that on the above date, the final counseling was held in connection with the matter you presented to me on June 12, 2003.

2. If you are not satisfied with the results of the EEO counseling and believe that you have been subjected to discrimination because of your race, color, religion, sex (sexual harassment or sexual orientation), national origin, age, disability or reprisal for prior EEO activities, you now have the right to file a formal complaint of discrimination. **If you decide to file a formal complaint, you must do so WITHIN FIFTEEN (15) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE.** A complaint shall be deemed timely if it is received or postmarked before the expiration of the 15 calendar day filing period noted above, or in the absence of a legible postmark, if it is received by mail within five days of the expiration of the filing period. Please note that if a complaint is filed on the basis of sexual orientation, you do not have appeal rights beyond the Department of Veterans Affairs.

3. Attached is VA Form 4939, Complaint of Employment Discrimination. If you choose to file a formal complaint at this time, please use this form and carefully read the instructions on the reverse side before completing it. I am available to assist you in filling out this form and to answer any questions you may have about it. If you require assistance, please contact me **immediately.** Please note that the **fifteen (15) calendar days** time frame mentioned above will not be extended due to your desire to seek my assistance in completing this form.

4. Any complaint you choose to file may be filed in person or by mail with the EEO Officer. You may also file it with the Secretary of Veterans Affairs or with the Deputy Assistant Secretary for Office of Resolution Management (DAS/ORM). Their addresses are listed below:

> Bill Low, Regional EEO Officer
> Office of Resolution Management Field Office (08J)
> P.O. Box 5005
> Bay Pines, FL  33744

**06 0356**

*"Honoring And Serving Our Nation's Veterans By Promoting An Environment That Is Free Of Discrimination"*



**FILED**

FEB 2 7 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Secretary of Veterans Affairs
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, D.C. 20420

Office of Resolution Management
Deputy Assistant Secretary (08)
810 Vermont Avenue, NW
Washington, D.C. 20420

5.  If you file a complaint with the Secretary or the DAS/ORM, **you should provide a copy to this ORM Field Office.** Since the Secretary and the DAS/ORM will send your complaint to this ORM Field Office for initial processing, **failure to provide a copy to this ORM Field Office will only delay the processing of your complaint.**

6.  You must identify each event you are protesting and provide the date on which each event occurred. Your complaint must be specific and limited to the events you discussed with me. **Therefore, if there are any events that you have not discussed with me, please do so immediately.** Regulations require that you provide the Department with an opportunity to resolve each event informally at EEO counseling.

7.  You are entitled to representation at every stage of the complaint process. You may choose anyone to represent you, unless that person occupies a position within the VA that would create a conflict of interest. If you do select a representative, you must inform this ORM Field Office of your representative's name and business address.

8.  If you are a member of the bargaining unit, you may have the right to address the events you discussed with me through the union grievance procedure, if the negotiated agreement permits claims of discrimination to be raised. Regulations provide that you may file a grievance or an EEO complaint about the events in dispute, but not both. Should you file both, whichever you file first (a union grievance or an EEO complaint) will be considered your election to proceed in that forum.

9.  If you are complaining about a matter which may be appealed to the Merit Systems Protection Board (MSPB), you may file an EEO complaint or an MSPB appeal, but not both. Whichever you file first (a formal EEO complaint or an MSPB appeal) will be considered your election to proceed in that forum. If I can be of further assistance to you, please advise.


Margarita Gonzalez-Johnson                       7/3/03
EEO Counselor                                     Date


Marcia Madden                                     7/21/03
                                                 Date

STATE OF NEW YORK:  EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR NO:
5-E-NR-99-5751972-E

```
+--------------------------------------------------+
| (State Division of Human Rights on the Complaint of) |
|                                                  |
|  Marcia L. Madden                   COMPLAINANT  |
|                                                  |
|            - against -                           |
|                                                  |
|  Community General Hospital         RESPONDENT   |
+--------------------------------------------------+
```

TITLE VII:  Federal Charge No: 16G999568 $\rangle$ EEOC

I, Marcia L. Madden, residing at 527 Oak St., Apt.# 7, Syracuse, NY 13203, Tel. No. (315) 428-8331H, ( ) - charge the above-named respondent whose address is 4900 Broad St. Syracuse, NY 13215 Tel. No. (315) 492-5561 with an unlawful discriminatory practice relating to Employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of National Origin and Race, Color.

Date most recent or continuing discrimination took place 01/21/99.

**The particulars are:**

1.    I am from the West Indies (Jamaican).

2.    I began work for the respondent 9/28/98 as a nurse working as a nurses aide waiting for my successful completion of the nursing licensure examination.  I reported to Linda Blair, nurse manager in the medical surgical department.  After about the second week I began to experience discrimination when a patient E.L. avoided having me work with her on ADL's.  I reported to the R.N.'s on duty that the patient refused my treatment (bath etc.).  From that they concluded wrongly that I refused to do these duties.  They claimed I told the nurses to do these duties themselves.  I believe this patient avoided working with nurses whom she perceived as black.

3.    I was criticized for a comment I made concerning a patient who appeared jaundiced and was acting outside of my job description as an aide.  I owned up to that part, but concluded that the respondent staff on the floor were picking apart my work in detail, in a manner not used when judging others who were born in this country.

4.    I was criticized for trying to learn as much as possible, ie watching them flushing IV's and perform nursing duties.  They made it sound like I was trying to take over their jobs and work beyond

Complaint: Title VII (INT.2) (1 of 2)
/dla
02/22/99

SDHR NO: 5-E-NR-99-5751972-E          FEDERAL CHARGE NO: 16G999568

my scope of responsibilities.  At the same time I was criticized
for not wanting to do simple tasks like handling bed pans.  This
also was untrue.

5.    Finally I was criticized for having a bad attitude, probably
because I did not socialize with the staff.  I did not discuss my
personal business with them, including when I took the boards.  I
was written up for these things 12/2/98.

6.  I informed my nurse manager I had passed the Boards around
12/20/98.  Blair indicated they needed 3 weeks notice to move me to
another floor as an RN.  She had to sign off on my interviews.  I
continued then to work as a nurses aide.  I knew from the bulletin
boards that there was a position available on the Cardiac Telemetry
unit and asked the nurse manager from that department.  She
indicated she wished to interview me, but needed to go through
personnel.  I did that, but Blair told me I had harassed the other
nurse manager for a job.  Nevertheless I interviewed for the
position 1/20/99.

7.  However, on 1/21/99 I received another write up stating I had
multiple complaints from staff and patients.  At that point I was
discharged from employment.  I can only conclude this has happened
because of my national origin and color.

8.  Because of the actions of the respondent I have suffered
financial loss, pain and mental anguish.

9.  I therefore charge the above named respondent with acts in
violation of the human rights law of the State of New York by
denying me equal terms and conditions of employment and by
discharging me from employment because of my national origin and
color.

Complaint: Title VII (INT.2) (Supplemental)
/dla
02/22/99

EEOC Form 161 (10/96)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Marcia Lorraine Madden, RN, BSN
527 Oak St., Apt. #7
Syracuse, NY 13203

From: Equal Employment Opportunity Commission
New York District Office
7 World Trade Center, 18th Floor
New York, New York 10048-1102

[ ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a)).*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-99-9568 | Legal Unit | (212) 748-8500 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ X ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be **collectible.**

On behalf of the Commission

_____                    _8/3/99_
Enclosure(s)                     Spencer H. Lewis, Jr., District Director          *(Date Mailed)*

cc:    Respondent(c): Community General Hospital
Personnel Director
4900 Broad St.
Syracuse, NY 13215

**GEORGIA UNIFORM MOTOR VEHICLE ACCIDENT REPORT**

| Accident Number 04-120713 | Agency NCIC No. 0440200 | | County DEKALB | Date Rec. By DPS |
|---|---|---|---|---|

| Date 09/08/2004 | Day Of Week Sun M T W Th F S | Time 7:12 AM | Off. Arrived 7:12 AM | Total Number Of: Vehicles 1 Injuries 0 Fatalities 0 | Inside City Of: |
|---|---|---|---|---|---|

Road of Occurrence: **INTERSTATE 85NB** 1■ Interstate 2 Lowest St. Rt. 3 Co. Road 4 City St.

At Its Intersection With: **INTERSTATE 285 EB ENTRY RAMP** 1■ Interstate 2 Lowest St. Rt. 3 Co. Road 4 City St.

Not At Its Intersection But ___ Miles / Feet — North/South/East/West — Of: ___ Interstate / Lowest St. Rt. / Co. Road / City St. / Co. Line

And Continuing in the Direction Checked Above The Next Reference Point is: **CHAMBLEE TUCKER RD** 1 Interstate / Lowest St. Rt. 3■ Co. Road 4 City St. 5 Co. Line

Offense Tract

Corrected Report Yes ■
Suppl. To Original Yes

**Driver #1**
Last Name **MADDEN** First **MARCIA** Middle
Ped ☐
Address **2951 SATELLITE BLVD NW** 331
City **DULUTH** State **GA** Zip **30096-** DOB **11/21/1973**
Driver's License No. **050846115** Class **C** State **GA** ☐ Male ■ Female
Posted Speed **40** Insurance Co. **UNITED SERVICES** Policy No. **015868485U71021**
Year **2002** Make **TOYT** Model **CAMRY** Telephone No. **770-476-4858**
VIN **JTDBE30K620005106** Vehicle Color **BLACK**
Tag # **9400AMR** State **GA** County **GWINNETT** Year **2004**
Trailer Tag # State County Year
■ Same as Driver Owner's Last Name **MADDEN** First **MARCIA** Middle
Address **2951 SATELLITE BLVD NW** 331
City **DULUTH** State **GA** Zip **30096-**
Removed By **BROWN/BROWN** ☐ Request ☐ List

Alcohol Test — Type — Results / Drug Test 2 — Type — Results
Driver Condition 1 / Direction of Travel 3 / Vision Obscured 1 / Contributing Factors 8
Vehicle Condition 1 / Vehicle Maneuver 5 / Pedestrian Maneuver
Most Harmful Event 19 / Vehicle Class 1 / Vehicle Type 1
Traffic Control 7 / Device Inoperative? ☐ Yes ■ No

**Driver #2** (blank)
Removed By ☐ Request ☐ List

Injured Taken To: ___ By:
EMS Notified Time ___ EMS Arrival Time ___ Hospital Arrival Time ___ Photos Taken: ☐ Yes ■ No By:
Report By: **HICKS, F A** Department **DeKalb County Police** Report Date **09/08/2004** Checked By: Date Checked **09/08/2004**
Witness(es) Name ___ Address ___ City ___ State ___ Zip Code ___ Telephone No.

DPS MICROFILM NUMBER (DO NOT WRITE IN THIS SPACE)

**COMMERCIAL VEHICLES ONLY**

Carrier Name Vehicle #1 / Address / City / State / Zip
Number of Axles / G.V.W.R. / Fed. Reportable 1☐ Yes 2☐ No / Cargo Body Type
Vehicle Config. / I.C.C.M.C. # / U.S. D.O.T. # / Interstate ☐ Intrastate ☐
C.D.L.? 1☐ Yes 2☐ No / C.D.L. Suspended? 1☐ Yes 2☐ No
Vehicle Placarded? 1☐ Yes 2☐ No / Hazardous Materials? 1☐ Yes 2☐ No / Released? 1☐ Yes 2☐ No
If YES, Name or 4 Digit Number from Diamond or Box: 1 Digit Number from Bottom of Diamond:
___ Ran Off Road ___ Down Hill Runaway ___ Cargo Loss Or Shift ___ Separation of Units

MAIL TO: GEORGIA DEPARTMENT OF PUBLIC SAFETY, ACCIDENT REPORTING UNIT, P.O. BOX 1456, ATLANTA, GEORGIA, 30371-2303





Unit # 1
Accident # 04-120713

**REMARKS**

```
*************************************
```

Narrative Title: INITIAL REPORT
Date Entered: 9/9/2004 6:05:44 AM


DRIVER OF VEHICLE #1 STATES SHE WAS TRAVELING SOUTH ON INTERSTATE 85
EXITING TO INTERSTATE 285 EB ENTRY RAMP. THE DRIVER STATES THAT SHE LOST

*(left margin, vertical text)* MAIL TO: GEORGIA DEPARTMENT OF PUBLIC SAFETY, ACCIDENT REPORTING UNIT, P.O. BOX 1456, ATLANTA, GEORGIA, 30371-2303

| Accident Investigation Site? | CITATIONS - VEHICLE # 1 | | CITATIONS - VEHICLE # |
|---|---|---|---|
| ☐ Yes   ■ No | | | |
| Site Number: | | | |

| First Harmful Event | Traffic-Way Flow | Weather | Surface Cond. | Light Condition | Manner Of Collision | Location At Area Of Impact | Road Comp. | Road Defects | Road Character |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 4 | 3 | 2 | 2 | 1 | 5 | 2 | 1 | 5 |

| | VEH. # 1 | VEH. # | | | | |
|---|---|---|---|---|---|---|
| Number of Occupants | 1 | | SKID DISTANCE BEFORE IMPACT | 1  AFTER  VEH. | 1  VEH. | Width Of Road |
| Point Of Initial Contact | 10 | | | | | 48 |
| Damage To Vehicles | 3 | | | VEH. | | |

| Damage Other Than Vehicle: | Owner: | | | AGE | SEX | VEH. NO. | POS. | INJURY | TAKEN FOR TREAT. | EJECT | SAFETY EQUIP. | EXTRIC. | AIR BAG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Occupants | | Driver # 1 | Or Pedestrian # | | | | | 0 | N | 1 | 3 | N | 2 |
| | | Driver # | Or Pedestrian # | | | | | | | | | | |
| Last Name        First        Address | | City        State        Zip | | | | | | | | | | | |

AGENCY: DEKALB COUNTY POLICE DEPARTMENT.
Jurisdiction: GA0440200
DMV Number: 04-120715

**Narrative: Page 3**

CONTROL AS SHE ENTERED THE CURB ON THE RAMP COLLIDING WITH THE   GUARDRAIL. NO
INJURIES REPORTED AT THE SCENE.

## GWINNETT COUNTY DEPARTMENT OF FIRE & EMERGENCY SERVICES
### RELEASE OF LIABILITY FORM

Date: 06-01-04   Incident #: _____   Unit: R-7c   Location: SS Purld of 316.

Times: Report 911: _____   Dispatch notified: _____   Unit notified: _____   At Scene: _____   At Patient: _____   Inservice: _____

**Check all that apply and explain in the narrative section:**

Medical Assessment:   ☐ Encouraged   ☑ Performed
Ambulance Transport:   ☐ Encouraged

Patient Refuses:   ☐ Treatment   ☑ Transport
EMS Requested by:   ☐ Patient   ☑ Other

☑ Person signing form is a consenting adult, emancipated minor, or legal guardian of the patient.

☐ Patient is alert to person, place, time, and events; not obviously impaired; and has no apparent signs that would influence ability to make decisions.

☑ Patient has acknowledged the potential risks and consequences of refusal.

☑ Patient has no suicidal ideations or evidence of recent self-inflicted harm.

☑ Patient has acknowledged advice about needed treatment or transportation services.

## REFUSAL OF TREATMENT / TRANSPORT ACKNOWLEDGEMENT

By my signature, I hereby acknowledge that I have been informed of the risk(s) in refusing medical care and/or transport. I further acknowledge that I have refused such medical attention and do hereby release Gwinnett County, it's officers, agents, and employees from any and all liability and/or responsibility for any injury or illness (real or perceived) that might develop as a result of my refusal.

I also acknowledge that I have received a copy of the Gwinnett County Fire and Emergency Services Patient Privacy Notice.

_Marcia L Madden_
**Signature of Patient or Legal Guardian**

_Marcia Madden_
**Patient Name**

_Nevll_
**Witness Signature & Phone Number**

_12/73_
**D.O.B.**

_(770) 476 - 4853_
**Home Phone**

_2951 Sattellite BlVD_
**Address**

_Duluth_
**City**

_GA_
**State**

_30096_
**Zip Code**

| Time | Pulse | Resp | Blood Pressure | | Other |
|------|-------|------|-----|-----|-------|
| 0105 | 64 | 16 | 120 | 88 | |

Narrative: _____

_____

_____

_____

_____

_____

_____

_____

_____

**EMT/Paramedic Signature**                **EMT/Paramedic Signature**

FD 15R 07/03

# Idaho Vehicle Collision Report

ITD-90 5-95M    27-010500-0    Revised 11/29/96

| Agency Code | 0101 | Officer # | 615 | Report District | 15 | Case No. | 238246 | Page 1. |
|---|---|---|---|---|---|---|---|---|

| Date of Collision | Day of Collision | Time | Police Dispatched | Police Arrived | EMS Dispatched | EMS Arrived | Location | | City or Town |
|---|---|---|---|---|---|---|---|---|---|
| 11/26/2002 | Tuesday (3) | 1106 | 1107 | 1114 | 1114 | 1115 | N/A  ☐N ☐E ☒IN ☐S ☐W ☐OF  Miles | Interchange # | Boise |

| If Collision location is inc. Intersection of 2 streets Intersection of Street and Parking Lot / Driveway / Alley Non-Intersection | Complete Box # | | | # of Lanes | Posted Speed | County |
|---|---|---|---|---|---|---|
| | 1 | ON Front | ☐ On Private Property | 5 | 35 | Ada |
| | 2 | In the Intersection with  11th | | | Posted Speed 30 | R. R. Crossing # | Latitude (GPS) N/A |
| | 3 | Outside an Intersection N/A ☐Miles N S E W ☐Front ☐ ☐ ☐ ☐ OF  Name of Cross Street or # of Ref. Mile Post Marker – | | Collision Loc. Mile Point – | Longitude (GPS) N/A |

## UNIT 1   ☒ Vehicle   ☐ Pedestrian   ☐ Pedalcyclist

| Vehicle Owner Last | First | M.I. | Unit Type 6 |
|---|---|---|---|
| ☒ Same as Driver | | | |

| Driver ☐Hit & Run | Last Madden | First Marcia | M.I. L | |
|---|---|---|---|---|
| Address ☒ As Driver | | | | Unit Use N/A |
| Street Address 750 S. 5th St. #B-201 | Home Phone N/A | Vehicle Year 2002 | Make (Dodge-Chev.) Toyota | Model (Dart-Nova) Camry | Style (2 Dr.) 4 Door |
| City Mountain Home | State ID | Zip Code 83647 | Work Phone N/A | Vehicle Color Black | License Plate No. E52547 | State ID | Est. Cost of Damage 2000 |
| Driver's License No. 371271214 | State NY | Idaho Code # / Violation 49802 | ☒ Cited | Vehicle Identification No. JTDBE30K620005106 | | Policy Number 01586 948507101 |

| Sex F | Date of Birth 11/21/73 | Prot. Dev. U | Injury C | Ejection 1 | Trapped 1 | Transported 1 | Insurance ☒ Yes ☐ No | Carrier Name USAA | |
|---|---|---|---|---|---|---|---|---|---|

| Passenger Names and Addresses | (Unit 1 only, additional passengers on page 3) | Same Address as Driver | Seating | Sex | Date of Birth | Prot. Dev. | Injury | Ejection | Trapped | Transported |
|---|---|---|---|---|---|---|---|---|---|---|
| | | ☐ | | | | | | | | |
| | | ☐ | | | | | | | | |

## UNIT 2   ☒ Vehicle   ☐ Pedestrian   ☐ Pedalcyclist

| Vehicle Owner Last | First | M.I. | Unit Type 6 |
|---|---|---|---|
| ☒ Same as Driver | | | |

| Driver ☐Hit & Run | Last Cendejas | First Yvonne | M.I. M | |
|---|---|---|---|---|
| Address ☒ As Driver | | | | Unit Use N/A |
| Street Address 11283 Powderhorn | Home Phone 658-5591 | Vehicle Year 1989 | Make (Dodge-Chev.) Honda | Model (Dart-Nova) Accord | Style (2 Dr.) 4 Door |
| City Boise | State ID | Zip Code 83713 | Work Phone 336-9092 | Vehicle Color Gold | License Plate No. 1AAV932 | State ID | Est. Cost of Damage 2500 |
| Driver's License No. ZB188506H | State ID | Idaho Code # / Violation N/A | ☐ Cited | Vehicle Identification No. JHMCA5553XKC022503 | | Policy Number 204712567 |

| Sex F | Date of Birth 9/14/65 | Prot. Dev. U | Injury C | Ejection 1 | Trapped 1 | Transported 4 | Insurance ☒ Yes ☐ No | Carrier Name American Commerce Insurance | |
|---|---|---|---|---|---|---|---|---|---|

| Passenger Names and Addresses | (Unit 2 only, additional passengers on page 3) | Same Address as Driver | Seating | Sex | Date of Birth | Prot. Dev. | Injury | Ejection | Trapped | Transported |
|---|---|---|---|---|---|---|---|---|---|---|
| | | ☐ | | | | | | | | |
| | | ☐ | | | | | | | | |

Injured Transported To: **Boise--St Alphonsus**   By: **Ada Cnty EMS-Boise**

| Seating | Protective Devices | Injury | Unit Type |
|---|---|---|---|
| Front  1 2 3  Vehicle  4 5 6  7 8 10  Motorcycle 7 | 0 None  1 Shoulder Belt Only  2 Lap Belt Only  3 Shoulder & Lap  Air Bag Equipped  7 Non-Activated Air Bag, Belts in Use  8 Non-Activated Air Bag, No Belts in Use  10 Air Bag Activated, Belts in Use  11 Air Bag Activated, No Belts in Use | 4 Child Safety Seat  5 Helmet Used  6 Nonmotorist  K Dead  A Incapacitating  B Non-Incapacitating  C Possible  O None Evident  U Unknown | 1 Pedestrian  2 Pedalcycle  3 Motorcycle  4 Moped  5 Car  8 Pickup with Camper  7 Pickup / Van / Panel /  Sport Utility Vehicle  30 Farm Equipment (List)  40 Construction Equip. (List)  10 Motorhome  11 Snowmobile  5 ATV  2A Train  99 Other Non-Motor Veh. |
| 16 Trailing Unit   99 Other  16 Pedestrian   U Unknown  17 Pedalcyclist | | Transported For Medical Care By | Commercial  15 Bus  21 Single Unit Truck - 2 axle/6 Tires  22 Single Unit Truck - 3 axle  23 Truck with Trailer | 24 Bobtail  25 Tractor w/Semi Trailer  26 Tractor w/Double Trailer  27 Tractor w/Triple Trailer |
| Passenger Codes - Non Trailing Unit  11 Sleeper Sect.(Truck Cab)  12 Other enclosed Passngr /Cargo area  13 Unenclosed Passngr /Cargo area  15 Riding on Vehicle Exterior | Ejection  1 Not Ejected  2 Totally Ejected  3 Partially Ejected  T Thrown from cycle etc. | Trapped  1 Not Trapped  2 Trapped / Extrication unit used  T Trapped / other extrication method  1 Ambulance  2 Police Car  3 Helicopter  4 Private Vehicle  5 Not Transported | Unit Use  1 Police  2 Ambulance  3 Driver Trng.  4 Government  5 Taxi  6 Fire  7 Wrecker  8 School Bus | Attachments  1 Boat Trailer  2 Utility Trailer  3 Travel Trailer  5 Vehicle  5 Mobile Home  6 Other |

00116700030

| Officer # | 615 | Case No. | 238246 | Page 2 |

**Locality** — `1`

1 Business/Commercial  3 School/Play ground  5 Agricultural  7 Residential
2 Industrial/Manufacturing  4 Recreational Area  6 Undeveloped

**Road Type** — `3`

1 2-Way & Raised/Depressed Divider  5 Ramp
2 2-Way & 2-Way Left Turn Lane Divider  6 Alley
3 One-Way  7 Rest Area
4 2-Way & 2 Double Yellow Painted Divider  8 Port of Entry
9 Other

**Light Conditions** — `1`

1 Day  3 Dark - Street Lights On  5 Dark - No Street Lights
2 Dawn/Dusk  4 Dark - Street Lights Off

**Weather Conditions - Two Selections Possible** — `1` / `N/A`

1 Clear  3 Rain  5 Sleet/Hail  7 Blowing Dust/Sand  A Smoke/Smog
2 Cloudy  4 Snow  6 Fog  9 Severe Cross Winds

**Road Surface Type** — `2`

1 Concrete  2 Paved (Asphalt/Brick)  3 Gravel/Stone  4 Dirt

**Roadway Geometrics** — `1` / `5`

1 Straight  2 Curve
1 Upgrade/Downgrade  3 Hillcrest  5 Level

**Road Surface Conditions** — `1`

1 Dry  3 Slush  5 Snow  7 Water
2 Wet  4 Ice  6 Mud  9 Other

**Traffic Control** — `3`

0 None  4 Flashing Beacon  8 Officer/Flagger
1 Stop Sign  5 Traffic Signal-Ped. Only  A School Bus Signal
2 Yield  6 R. R. Gates/Signal  B No-Pass Barrier Line
3 Traffic Signal  7 R. R. Flashing Signal  C Construction Signing

SPECIFY — `1`   1 Functioning  2 Not Functioning  3 Removed

**Other Road Conditions** — `0`

0 None  4 High/Low Shoulder  8 Flooded
1 Ruts/Bumps/Holes  5 Loose Gravel/Seal Coat  9 Poor Pavement
2 Slick Asphalt (Bleeding)  6 Under Construction  Markings
3 Washboard  7 Lane Closed

**UNIT # 1** — `15` `22` `N/A`       **CONTRIBUTING CIRCUMSTANCES - 3 Possible**       **UNIT # 2** — `N/A` `N/A` `N/A`

0 None  5 Improper Lane Change  11 Improper Turn  17 Wheel Defect  22 Inattention  28 Improperly Parked
1 Exceeded Posted Speed  6 Following Too Close  12 Failed to Signal  18 Light Defect  23 Vision Obstruction  31 Previous Accident
2 Speed Too Fast  7 Drove Left of Center  13 Failed to Yield  19 Other Vehicle  24 Asleep/Drowsy  32 Obstruction/Iron
for Conditions  8 Off Roadway /  14 Passed Stop Sign  Defect  25 Sick  Vehicle (List)
3 Too Slow for Traffic  Over Corrected  15 Disregarded Signal  21 Alcohol Impaired  26 Fatigued  35 Improper use of
4 Improper Overtaking  10 Improper Backing  16 Tire Defect  34 Drug Impaired  34 Physical Impairment  TurnLane
99 Other

**VISION OBSTRUCTION** — `0` / `0`

0 None  3 Roadway Slope/Snowbank  7 Bright Headlights  12 Splash/Spray from Other Vehicle  15 Traffic Sign
1 Curve in Road  4 Trees/Crop/Brush  8 Weather Conditions  13 Vehicle Stopped on Roadway  16 Billboard/Fence
2 Hillcrest  5 Reflection from Surface  9 Rain/Snow/Ice on Windows  14 Moving Vehicle  17 Building
6 Bright Sunlight  10 Cracked/Dirty Windows  14 Parked Vehicle  99 Other

**POINT OF IMPACT**

INITIAL Point of Impact — `11`        INITIAL Point of Impact — `12`
PRINCIPLE Point of Impact — `11`        PRINCIPLE Point of Impact — `12`

Auto / Motorcycle / Tractor with Semi Trailer        Trailing Unit #1        Trailing Unit #2

13 Top & Windows        33 Top        53 Top
14 Undercarriage        34 Undercarriage        54 Undercarriage

**EXTENT OF DEFORMITY** — `3` / `4`

0 None  1 Very Minor  2 Minor  3 Minor/Moderate  4 Moderate  5 Moderate/Severe  6 Severe  7 Very Severe

Towed Due to Damage ☐ Yes ☒ No   Towed By: **B&W Towing**   Towed By: **B&W Towing**   Towed Due to Damage ☒ Yes ☐ No

**Driver of UNIT # 1** — `1` `1` `1`       **ALCOHOL / DRUG INVOLVEMENT**       **Driver of UNIT # 2** — `1` `1` `1`

1 Neither Alcohol or Drugs Detected  2 Yes - Alcohol  3 Yes - Drugs  4 Yes - Both

Alcohol Test
Drug Test

**Alcohol / Drug Test**

1 None Given  2 Test Refused  3 Blood Test  4 Urine Test  5 Breath Test  6 Field Test

| BAC Test Results | Drug Used (if known) | Drug Test Results | BAC Test Results | Drug Used (if known) | Drug Test Results |
| N/A / N/A | N/A | N/A | N/A | N/A | N/A |

**COMMERCIAL VEHICLE**
Refer to Instruction Sheet before completing

**UNIT # 1** — `N/A`       **Cargo Body**       **UNIT # 2** — `N/A`

1 Bus  2 Van/Enclosed Box  3 Cargo Tank  4 Flatbed  5 Dump  6 Concrete Mixer  7 Auto Transporter  8 Garbage/Refuse  9 Other  10 Pickup Bed

| # Axles | GVWR-Power | GVWR-All Trailers | ICC # For Load | DOT # For Load | # Axles | GVWR-Power | GVWR-All Trailers | ICC # For Load | DOT # For Load |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

Hazardous Material  Placard: ☐Yes ☐No  Spilled: ☐Yes ☐No  Haz-Mat # N/A        Hazardous Material  Placard: ☐Yes ☐No  Spilled: ☐Yes ☐No  Haz-Mat # N/A

**Carrier Name & ICC# or DOT# for Load obtained from...** — `N/A` / `N/A`

1 Shipping Papers  2 Vehicle Side  3 Driver  4 Log Book  9 Other

(If Carrier different from Vehicle Owner)  Carrier Name N/A   Address N/A   City N/A   State N/A   Zip N/A

(If Carrier different from Vehicle Owner)  Carrier Name N/A   Address N/A   City N/A   State N/A   Zip N/A

**EVENTS** - List events for ALL units in the order they occur

Case No. **238246** Page **3**

| Event | Unit # of Units Involved | Event Location |
|-------|--------------------------|----------------|
| 58 | 1 | 2 | 1 |

**EVENTS**
1 - Overturn
2 - Separation of Units
3 - Cargo Loss/Shift
4 - Jack-Knifed
5 - Ran off Road
6 - Down Hill Runaway
7 - Fire/Explosion
8 - Gas/Inhalation
9 - Other Noncollision
10 - Loss of Control
11 - Fell/Pushed/Jumped
12 - Non-Collision Injury
13 - Immersion
71 - Came Back on Road
72 - Drove L/R of Center

**One Veh. Collision With**
14 - Pedestrian
15 - Pedalcycle
16 - Railroad Train
17 - Domestic Animal
18 - Wild Animal
19 - Other Object Not Fixed
20 - Parked Vehicle on Private Property
21 - Impact Attenuator
22 - Bridge/Pier/Abutment
23 - Bridge Parapet End
24 - Bridge Rail
25 - Overpass
26 - Guardrail Face
27 - Guardrail End
28 - Median Barrier
30 - Highway Traffic Sign Post
31 - Overhead Sign Support
32 - Street Light Support
33 - Utility Pole
39 - Other Pole
40 - Delineator Post
41 - Culvert
42 - Curb
43 - Ditch
44 - Embankment
45 - Fence
46 - Mailbox
47 - Tree
48 - Building Wall
49 - Other Fixed Object

Sideswiped Same S2 | Sideswiped Opposite S3 | Angle 58

**Turning Events**
Head-On 54 | Angle 04
50 - Head-On
51 - Rear-End
60 - Backed Into
61 - Parked Veh.
99 - Other
Rear-End 56 | Same Dir 62

**THE EVENT LOCATION**
1 - On Roadway
2 - Left Shoulder
3 - Right Shoulder
4 - Roadside (includes Sidewalk)
5 - Outside Right of Way
6 - Off Roadway - Loc Unknown
7 - Median
8 - Gore
9 - Other
A - In Parking Lot
B - Parking Lot Access Road
P - Private Property

UNIT # 1 **1** ← **FIRST EVENT RELATIONSHIP TO JUNCTION** → **1** UNIT # 2

0 - Nonjunction | 1 - In Intersection | 3 - At Driveway/Alley | 5 - On Ramp | 7 - At Railroad Crossing
2 - Intersection Related | 4 - Driveway/Alley Related | 6 - Ramp Related | 9 - Other

**GENERAL DIRECTION OF TRAVEL** (if turning, select direction before turning)

| | General Direction of Street | Unit Direction | General Direction of Street | Unit Direction | |
|---|---|---|---|---|---|
| **58** FIRST Harmful Event | ☐ South / North | ☐ North ☒ South | ☒ South / North | ☒ North ☐ South | FIRST Harmful Event **58** |
| **58** MOST Harmful Event | ☒ West / East | ☐ East ☒ West | ☐ West / East | ☐ East ☐ West | MOST Harmful Event **58** |
| **1** Driver / Ped Action | On Street *Front* | | On Street *11th* | | Driver / Ped Action **1** |

**Driver Actions**
1 - Going Straight
2 - Turning Right
3 - Right Turn on Red
4 - Turning Left
5 - Left Turn on Red
6 - U-Turn
7 - Merging
8 - Changing Lanes
10 - Passing
11 - Negotiating Curve
12 - Stopped in Traffic
13 - Slowing in Traffic
14 - Starting in Traffic
15 - Parking
16 - Entering Driveway/Alley
17 - Leaving Driveway/Alley
18 - Backing
20 - Avoiding Obstacle
21 - Avoiding Veh./Ped.
22 - Pursuing Vehicle
23 - Fleeing Pursuit
24 - Racing
25 - Parked Vehicle
26 - Driverless Vehicle in Motion

Sketch the scene



Not to Scale

**Pedestrian/Pedalcycle Actions**
30 - Crossing at Painted Intersection
31 - Crossing at Unpainted Intersection
36 - Crossing at Non-Intersection X-walk
38 - Crossing Not at Intersection
40 - Walk/Ride with Traffic in Bike Lane
41 - Walk/Ride with Traffic No Bike Lane
42 - Walk/Ride Facing Traffic in Bike Lane
43 - Walk/Ride Facing Traffic No Bike Lane
50 - Standing on Roadway
51 - Playing on Roadway
52 - Working on Roadway
60 - Enter/Leave School Bus
70 - Not on Roadway
99 - Other

**Property Damage** (Name of Object Struck - Owner Name and Address)
None

Estimated Damage $ **N/A**

**Narrative / Additional Information / Additional Passengers (indicate unit # and all information for additional passengers)**
Narrative - Unit 1 was driving Westbound on Front St, in the #4 lane. Unit 2 was driving Northbound on 11th St. in the left lane. According to witnesses, Unit 1 had a red traffic light. Unit 1 did not stop for the red light. Unit 2 struck Unit 1 in the intersection.

| WITNESSES Name | Address | Home Phone | Work Phone |
|---|---|---|---|
| Courtney Haro | 8207 Holbrook, Boise Id | 713-9282 | N/A |
| Mike Viehweg | 921 Main St. Middleton Id | 585-6423 | |

| Investigating Officer's Name | Date of Report | Photos | Approved By | Date |
|---|---|---|---|---|
| X _____ 615 | 11/26/2002 | Y☐ N☒ | _____ | 11/26/02 |

Send ORIGINAL to: Office of Highway Safety, P.O. Box 7129, Boise, Idaho 83707-1129

IMPACT 360, 11/26/2002

# Idaho Vehicle Collision Report

TD-80 3-95M    27-010500-0    Revised 11/29/95

| | | | Agency Code 0101 | Officer 615 | District 15 | Case No. 238246 | Pag |

| Date of Collision | Day of Collision | Time | Police Dispatched | Police Arrived | EMS Dispatched | EMS Arrived | Location | City or Town |
|---|---|---|---|---|---|---|---|---|
| 11/26/2002 | Tuesday (3) | 1106 | 1107 | 1114 | 1114 | 1115 | N/A □N □E ☒N ☐S □W □OF Miles | Boise |

| If Collision location is in: | Complete Box # | | Name of Street | ☐ On Private Property | # of Lanes | Posted Speed | County | Interchange # |
|---|---|---|---|---|---|---|---|---|
| Intersection of 2 streets | 1,2 | **1** | ON Front | | 5 | 35 | Ada | |
| Intersection of Street and: Parking Lot / Driveway / Alley | 1,2,3 | **2** | In the intersection with: 11th | | | Posted Speed 30 | R. R. Crossing # N/A | Latitude (GPS) N/A |
| Non-Intersection | 1,3 | **3** | Outside an Intersection N/A ☐Miles N S E W ☐Feet ☐☐☐☐ OF | Name of Cross Street or # of Ref. Mile Post Marker N/A | | Collision Loc Mile Point - | Longitude (GPS) N/A |

## UNIT 1   ☒Vehicle   ☐Pedestrian   ☐Pedalcyclist

| Vehicle Owner | Last | First | M.I. | Unit Type 6 |
|---|---|---|---|---|

| Driver | | Last | First | M.I. | ☒Same as Driver |
|---|---|---|---|---|---|
| ☐Hit & Run | | Madden | Marcia | L | Address ☒As Driver |

| Street Address | Home Phone | Vehicle Year | Make (Dodge-Chev.) | Model (Dart-Nova) | Style (2 Dr.) | Unit U |
|---|---|---|---|---|---|---|
| 750 S. 5th St. #B-201 | N/A | 2002 | Toyota | Camry | 4 Door | N/A |

| City | State | Zip Code | Work Phone | Vehicle Color | License Plate No. | State | Attach |
|---|---|---|---|---|---|---|---|
| Mountain Home | ID | 83647 | N/A | Black | E52547 | ID | N/A |

| Driver's License No. | State | Idaho Code # / Violation | ☒Cited | Vehicle Identification No. | Est. Cost of Damage | Attach |
|---|---|---|---|---|---|---|
| 371271214 | NY | 49802 | | JTDBE30K620005106 | 2000 | N/A |

| Sex | Date of Birth | Prot. Dev. | Injury | Ejection | Trapped | Transported | Insurance ☒Yes ☐No | Carrier Name | Policy Number |
|---|---|---|---|---|---|---|---|---|---|
| F | 11/21/73 | U | C | 1 | 1 | 1 | | USAA | 01586 9485 07101 |

| Passenger Names and Addresses | (Unit 1 only, additional passengers on page 3) | Same Address as Driver | Seating | Sex | Date of Birth | Prot. Dev. | Injury | Ejection | Trapped | Transported |
|---|---|---|---|---|---|---|---|---|---|---|
| | | ☐ | | | | | | | | |
| | | ☐ | | | | | | | | |
| | | ☐ | | | | | | | | |

## UNIT 2   ☒Vehicle   ☐Pedestrian   ☐Pedalcyclist

| Vehicle Owner | Last | First | M.I. | Unit Type 6 |
|---|---|---|---|---|

| Driver | | Last | First | M.I. | ☒Same as Driver |
|---|---|---|---|---|---|
| ☐Hit & Run | | Cendejas | Yvonne | M | Address ☒As Driver |

| Street Address | Home Phone | Vehicle Year | Make (Dodge-Chev.) | Model (Dart-Nova) | Style (2 Dr.) | Unit Us |
|---|---|---|---|---|---|---|
| 11283 Powderhorn | 658-5591 | 1989 | Honda | Accord | 4 Door | N/A |

| City | State | Zip Code | Work Phone | Vehicle Color | License Plate No. | State | Attach |
|---|---|---|---|---|---|---|---|
| Boise | ID | 83713 | 336-9092 | Gold | 1AAV932 | ID | N/A |

| Driver's License No. | State | Idaho Code # / Violation | ☐Cited | Vehicle Identification No. | Est. Cost of Damage | Attach |
|---|---|---|---|---|---|---|
| ZB188506H | ID | N/A | | JHMCA5553XKC022503 | 2500 | N/A |

| Sex | Date of Birth | Prot. Dev. | Injury | Ejection | Trapped | Transported | Insurance ☒Yes ☐No | Carrier Name | Policy Number |
|---|---|---|---|---|---|---|---|---|---|
| F | 9/14/65 | U | C | 1 | 1 | 4 | | American Commerce Insurance | 204712567 |

| Passenger Names and Addresses | (Unit 2 only, additional passengers on page 3) | Same Address as Driver | Seating | Sex | Date of Birth | Prot. Dev. | Injury | Ejection | Trapped | Transported |
|---|---|---|---|---|---|---|---|---|---|---|
| | | ☐ | | | | | | | | |
| | | ☐ | | | | | | | | |
| | | ☐ | | | | | | | | |

**Injured Transported To:** Boise--St Alphonsus   **By:** Ada Cnty EMS-Boise

| Seating | Protective Devices | Injury | Unit Type |
|---|---|---|---|

**Seating**

Front  1 2 3  Vehicle  Front 1
4 5 6          4
7 8 10  Motorcycle 7

14 Trailing Unit    99 Other
16 Pedestrian       U Unknown
17 Pedalcycle

Passenger Codes - Non Trailing Unit
11 Sleeper Sect.(Truck Cab)
12 Other enclosed Passngr./Cargo area
13 Unenclosed Passngr./Cargo area
15 Riding on Vehicle Exterior

**Protective Devices**
0 None                4 Child Safety Seat
1 Shoulder Belt Only
2 Lap Belt Only       5 Helmet Used
3 Shoulder & Lap      6 Nonmotorist

**Air Bag Equipped**
7 Non-Activated Air Bag, Belts in Use
8 Non-Activated Air Bag, No Belts in Use
10 Air Bag Activated, Belts in Use
11 Air Bag Activated, No Belts in Use

**Ejection**
1 Not Ejected
2 Totally Ejected
3 Partially Ejected
4 Thrown from cycle etc.

**Trapped**
1 Not Trapped
2 Trapped / Extrication unit used
3 Trapped / other extrication method

**Injury**
K Dead
A Incapacitating
B Non-Incapacitating
C Possible
0 None Evident
U Unknown

**Transported For Medical Care By**
1 Ambulance
2 Police Car
3 Helicopter
4 Private Vehicle
5 Not Transported

**Unit Type**
1 Pedestrian
2 Pedalcycle
3 Motorcycle
4 Moped
6 Car
8 Pickup with Camper
7 Pickup / Van / Panel / Sport Utility Vehicle
30 Farm Equipment (List)
40 Construction Equip. (List)
10 Motorhome
11 Snowmobile
5 ATV
28 Train
99 Other Non-Motor Veh.

15 Bus
21 Single Unit Truck - 2 axle/6 Tires
22 Single Unit Truck - 3 axle
23 Truck with Trailer

**Commercial**
24 Bobtail
25 Tractor w/Semi Trailer
26 Tractor w/Double Trailer
27 Tractor w/Triple Trailer

**Unit Use**
1 Police        5 Taxi
2 Ambulance     6 Fire
3 Driver Trng.  7 Wrecker
4 Government    8 School Bus

**Attachments**
1 Boat Trailer   5 Mobile Home
2 Utility Trailer 9 Other
3 Travel Trailer
4 Towed Vehicle



| 1 Business/Commercial | 3 School Ground | 5 Agricultural | 7 Residential |
| 2 Industrial/Manufacturing | 4 Recreation Area | 6 Undeveloped | |

## Light Conditions

| 1 Day | 3 Dark - Street Lights on | 5 Dark - No Street Lights |
| 2 Dawn/Dusk | 4 Dark - Street Lights Off | |

## Weather Conditions - Two Selections Possible

| 1 Clear | 3 Rain | 5 Sleet/Hail | 7 Blowing Dust/Sand | A Smoke/Smog |
| 2 Cloudy | 4 Snow | 6 Fog | 8 Severe Cross Winds | |

## Road Surface Conditions

| 1 Dry | 3 Slush | 5 Snow | 7 Water |
| 2 Wet | 4 Ice | 6 Mud | 9 Other |

## Other Road Conditions

| 0 None | 4 High/Low Shoulder | 8 Flooded |
| 1 Ruts/Bumps/Holes | 5 Loose Gravel/Seal Coat | 9 Poor Pavement |
| 2 Slick Asphalt (Bleeding) | 6 Under Construction | Markings |
| 3 Washboard | 7 Lane Closed | |

## Road Type

| 1 2-Way & Raised/Depressed Divider | 5 Ramp |
| 2 2-Way & 2-Way Left Turn Lane Divider | 6 Alley |
| 3 One-Way | 7 Rest Area |
| 4 2-Way & No Divider | 8 Port of Entry |
| A 2-Way & 2 Double Yellow Painted Divider | 9 Other |

## Road Surface Type

| 1 Concrete | 2 Paved (Asphalt/Brick) | 3 Gravel/Stone | 4 Dirt |

## Roadway Geometrics

| 1 Straight | 2 Curve |
| 1 Upgrade/Downgrade | 3 Hillcrest | 5 Level |

## Traffic Control

| 0 None | 4 Flashing Beacon | 8 Officer/Flagger |
| 1 Stop Sign | 5 Traffic Signal-Ped. Only | A School Bus Signal |
| 2 Yield | 6 R. R. Gates/Signal | B No-Pass Barrier Line |
| 3 Traffic Signal | 7 R. R. Flashing Beacon | C Construction Signing |

**SPECIFY** | 1 Functioning | 2 Not Functioning | 3 Removed

## UNIT # 1    CONTRIBUTING CIRCUMSTANCES - 3 Possible    UNIT #

| 0 None | 5 Improper Lane Change | 11 Improper Turn | 17 Wheel Defect | 22 Inattention | 28 Improperly Parked |
| 1 Exceeded Posted Speed | 6 Following Too Close | 12 Failed to Signal | 18 Light Defect | 23 Vision Obstruction | 31 Previous Accident |
| 2 Speed Too Fast for Conditions | 7 Drove Left of Center | 13 Failed to Yield | 19 Other Vehicle Defect | 24 Asleep/Drowsy | 32 Distraction in/on Vehicle (List) |
| 3 Too Slow for Traffic | 8 Off Roadway / Over Corrected | 14 Passed Stop Sign | 21 Alcohol impaired | 25 Sick | 35 Improper use of Turn Lane |
| 4 Improper Overtaking | 10 Improper Backing | 15 Disregarded Signal | 24 Drug impaired | 26 Fatigued | 99 Other |
| | | 16 Tire Defect | | 27 Physical impairment | |

## VISION OBSTRUCTION

| 0 None | 3 Roadway Slope/Snowbank | 7 Bright Headlights | 12 Splash/Spray from Other Vehicle | 15 Traffic Sign |
| 1 Curve in Road | 4 Trees/Crop/Brush | 8 Weather Conditions | 18 Vehicle Stopped on Roadway | 16 Billboard/Fence |
| 2 Hill Crest | 5 Reflection from Surface | 10 Rain/Snow/Ice on Windows | 13 Moving Vehicle | 17 Building |
| | 6 Bright Sunlight | 11 Cracked/Dirty Windows | 14 Parked Vehicle | 99 Other |

## POINT OF IMPACT

**INITIAL Point of Impact**

**PRINCIPLE Point of Impact**

Auto / Motorcycle / Tractor with Semi Trailer

Trailing Unit #1

Trailing Unit #2

| 13 Top & Windows | 33 Top | 53 Top |
| 14 Undercarriage | 34 Undercarriage | 54 Undercarriage |

**INITIAL Point of Impact**

**PRINCIPLE Point of Impact**

## EXTENT OF DEFORMITY

| 0 None | 1 Very Minor | 2 Minor | 3 Minor/Moderate | 4 Moderate | 5 Moderate/Severe | 6 Severe | 7 Very Severe |

Towed Due to Damage ☐ Yes ☒ No    Towed By: **B&W Towing**    Towed By: **B&W Towing**    Towed Due to Damage ☒ Yes ☐ No

## Driver of UNIT # 1    ALCOHOL / DRUG INVOLVEMENT    Driver of UNIT # 2

| 1 Neither Alcohol or Drugs Detected | 2 Yes - Alcohol | 3 Yes - Drugs | 4 Yes - Both |

Alcohol Test    **Alcohol / Drug Test**    Alcohol Test

Drug Test | 1 None Given | 2 Test Refused | 3 Blood Test | 4 Urine Test | 5 Breath Test | 6 Field Test | Drug Test

| BAC Test Results: N/A / N/A | Drug Used (if known): N/A | Drug Test Results N/A | BAC Test Results: N/A / N/A | Drug Used (if known): N/A | Drug Test Results N/A |

## UNIT # 1    COMMERCIAL VEHICLE    UNIT # 2
Refer to Instruction Sheet before completing

### Cargo Body

| 1 Bus | 2 Van/Enclosed Box | 3 Cargo Tank | 4 Flatbed | 5 Dump | 6 Concrete Mixer | 7 Auto Transporter | 8 Garbage/Refuse | 9 Other | 10 Pickup Bed |

| # Axles | GVWR-Power | GVWR-All Trailers | ICC # For Load | DOT # For Load | # Axles | GVWR-Power | GVWR-All Trailers | ICC # For Load | DOT # For Load |
|---|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

| Hazardous Material | Placard: ☐Yes ☐No | Spilled: ☐Yes ☐No | Haz-Mat # N/A | Hazardous Material | Placard: ☐Yes ☐No | Spilled: ☐Yes ☐No | Haz-Mat # N/A |

### Carrier Name & ICC# or DOT# for Load obtained from...

| 1 Shipping Papers | 2 Vehicle Side | 3 Driver | 4 Log Book | 9 Other |

| (If Carrier different from Vehicle Owner) | Carrier Name N/A | | (If Carrier different from Vehicle Owner) | Carrier Name N/A | |
| | Address N/A | | | Address N/A | |
| | City N/A | State N/A | Zip N/A | City N/A | State N/A | Zip N/A |

| | | | |
|---|---|---|---|
| 58 | 1 | 2 | 1 |

**THE EVENT**

| | One Veh. Collision With | | |
|---|---|---|---|
| 1 Overturn | | 24 Bridge Rail | 41 Culvert |
| 2 Separation of Un. | 14 Pedestrian | 25 Overpass | 42 Curb |
| 3 Cargo Loss/Shift | 15 Pedalcycle | 26 Guardrail Face | 43 Ditch |
| 4 Jack-Knifed | 16 Railroad Train | 27 Guardrail End | 44 Embankment |
| 5 Ran off Road | 17 Domestic Animal | 28 Median Barrier | 45 Fence |
| 6 Down Hill Runaway | 18 Wild Animal | 30 Highway Traffic | 46 Mailbox |
| 7 Fire/Explosion | 19 Other Object | Sign Post | 47 Tree |
| 8 Gas/Inhalation | Not Fixed | 31 Overhead Sign support | 48 Building Wall |
| 9 Other Noncollision | 20 Parked Vehicle | 32 Street Light Support | 49 Other Fixed |
| 10 Loss of Control | on Private Property | 33 Utility Pole | Object |
| 11 Fell/Pushed/Jumped | 21 Impact Attenuator | 39 Other Post | |
| 12 Non-Collision Injury | 22 Bridge/Pier/Abutment | 40 Delineator Post | |
| 13 Immersion | 23 Bridge Parapet End | | |
| 71 Came Back on Road | | | |
| 72 Drove L/R of Center | | | |

Sideswiped Same 52 · Sideswiped Opposite 53 · Angle 58

**Turning Events**
Head-On 54 · Angle 59 · 50 Head-O · 51 Rear-E · 60 Backed
Rear-End 56 · Same Dir 62 · 61 Parked · 99 Other

**THE EVENT LOCATION**

| | | | |
|---|---|---|---|
| 1 On Roadway | 4 Roadside (includes Sidewalk) | 7 Median | A In Parking Lot |
| 2 Left Shoulder | 5 Outside Right of Way | 8 Gore | B Parking Lot Access Road |
| 3 Right Shoulder | 6 Off Roadway - Loc Unknown | 9 Other | P Private Property |

---

**UNIT # 1** | 1 |   **FIRST EVENT RELATIONSHIP TO JUNCTION**   | 1 | **UNIT #**

| 0 Nonjunction | 1 In Intersection | 3 At Driveway/Alley | 5 On Ramp | 7 At Railroad Crossing |
|---|---|---|---|---|
| | 2 Intersection Related | 4 Driveway/Alley Related | 6 Ramp Related | 9 Other |

| 58 | FIRST Harmful Event |
|---|---|

**GENERAL DIRECTION OF TRAVEL** (If turning, select direction before turning)

| 58 | MOST Harmful Event |
|---|---|

| General Direction of Street | Unit Direction | General Direction of Street | Unit Direction |
|---|---|---|---|
| ☐ South / North | ☐ North ☐ South | ☒ South / North | ☒ North ☐ South |
| ☒ West / East | ☐ East ☒ West | ☐ West / East | ☐ East ☐ West |

**FIRST Harmful Event** | 58 |
**MOST Harmful Event** | 58 |

| 1 | Driver / Ped Action |
|---|---|

| On Street | On Street |
|---|---|
| *Front* | *11th* |

**Driver / Ped Action** | 1 |

---

**Sketch the scene**



**Driver Actions**
1 Going Straight
2 Turning Right
3 Right Turn on Red
4 Turning Left
5 Left Turn on Red
6 U-Turn
7 Merging
8 Changing Lanes
10 Passing
11 Negotiating Curve
12 Stopped in Traffic
13 Slowing in Traffic
14 Starting in Traffic
15 Parking
16 Entering Driwy/A
17 Leaving Driwy/A
18 Backing
20 Avoiding Obstacle
21 Avoiding Veh./Ped
22 Pursuing Vehicle
23 Fleeing Pursuit
24 Racing
25 Parked Vehicle
26 Driverless Vehicle in Motion

**Pedestrian/Pedalcycle Actions**
30 Crossing at Painted Intersection
31 Crossing at Unpainted Intersection
35 Crossing at Non-Intersection X-walk
36 Crossing Not at Intersection
40 Walk/Ride with Traffic in Bike Lane
41 Walk/Ride with Traffic No Bike Lane
42 Walk/Ride Facing Traffic in Bike Lane
43 Walk/Ride Facing Traffic No Bike Lane
50 Standing on Roadway
51 Playing on Roadway
52 Working on Roadway
60 Enter/Leave School Bus
70 Not on Roadway
99 Other

Not to Scale

---

| **Property Damage** | (Name of Object Struck - Owner Name and Address) | **Estimated Damage** |
|---|---|---|
| *None* | | $ *N/A* |

---

**Narrative / Additional Information / Additional Passengers** (indicate unit # and all information for additional passengers)

*Narrative - Unit 1 was driving Westbound on Front St, in the #4 lane. Unit 2 was driving Northbound on 11th St. in the left lane. According to witnesses, Unit 1 had a red traffic light. Unit 1 did not stop for the red light. Unit 2 struck Unit 1 in the intersection.*

---

**WITNESSES** | Name | Address | Home Phone | Work Phone

| Courtney Haro | 8207 Holbrook, Boise Id | 713-9282 | N/A |
| Mike Viehweg | 921 Main St. Middleton Id | 585-6423 | |

---

| X | Investigating Officer's Name and # | 615 | Date of Report 11/26/2002 | Photos Y ☐ N ☒ | Approved By | Date 11 26 0 |
|---|---|---|---|---|---|---|



## DEPARTMENT OF THE AIR FORCE
### HEADQUARTERS UNITED STATES AIR FORCE
### WASHINGTON DC

**MAR 0 8 2002**

MEMORANDUM FOR: National Council of State Boards of Nursing
676 North St. Clair Street, Suite 550
Chicago, IL 60661-2921

FROM: AFMOA/SGZC
110 Luke Avenue, Room 405
Bolling AFB, DC 20332-7050

SUBJECT: Report of Incident to State Board of Licensure

Department of Defense policy requires that we notify licensing agencies of certain actions involving
licensed providers. The following information is provided:

a. Individual's Name/Field of License: Marcia L. Madden, RN
b. Date of Birth: 21 November 1973
c. Social Security Number: 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
d. Home of Record: 750 S. 5th St West, Mountain Home, ID 83647
e. School Attended/year graduated: Syracuse University, 1996
f. State and License Number: NY 504216-1
g. Military Treatment Facility: 366 Medical Group, 90 Hope Drive, Mt Home, ID 83648
h. Action and Date: 16 Nov 00—Marcia L. Madden was removed from nursing practice for substandard
care. This action resulted from her inability to progress to independent clinical practice despite 2 ½ years
of experience. This was evidenced by numerous medication errors, inappropriate patient assessments,
failure to obtain proper consent, inability to perform proper IV's, violating patient privacy, failure to
properly triage patients and providing inappropriate patient instructions.

Please provide us with a copy of any action taken as a result of this notification. Requests for further
information may be sent to Maj Kimberly Robinson at the above address. You can reach us by phone at
(202) 767-4140.

MICHAEL W. SPATZ, Col, USAF, MC
Chief, Clinical Quality Management Division
Air Force Medical Operations Agency
Office of the Surgeon General

cc: Copy to Member
366 MDG/CC
HQ ACC/SGO
HQ ARPC/SG
HQ ANG/SG
AFPC/DPAM
NY Nursing Board

04/11/2002  14:00   728-4092          MHAFB ADC                    PAGE  02

18-Mar-2002  10:14   From-AFMOA/SG                          2024047861     T-924  P.003  F-763



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS UNITED STATES AIR FORCE
WASHINGTON DC

AFMOA/SGZC                                         MAR 1 1 2002
110 Luke Avenue, Room 405
Bolling AFB, DC 20332-7050

Second Lieutenant Marcia L. Madden, USAF, NC
750 S. 5ᵗʰ St West
Mountain Home, ID 83647

Dear Lieutenant Madden

        The Commander, Air Force Medical Operations Agency, and the Director, Nursing
Services, reviewed your appeal of the 366 MDG/CC decision to remove you from patient care.
They concurred with the commander and directed that you be reported to the National Council
on State Boards of Nursing (NCSBN) and your state of licensure.

        Attached is the informational letter that was sent to the NCSBN and the New York
Nursing Board. You may be notified by one of these agencies if further action is taken on your
professional license. I encourage you to retain this documentation to verify the final action
related to your case. If you have further questions regarding this matter, you may contact me at
the above address or telephone at commercial (202) 767-4140, DSN 297-4140.

                              Sincerely

                              Kimberly J Robinson

                              KIMBERLY J. ROBINSON, Maj, USAF, BSC
                              Chief, Professional Staff Actions
                              Air Force Medical Operations Agency
                              Office of the Surgeon General

cc:
366 MDG/CC

25 October 05

MEMORANDUM FOR JON A. WOODITCH, ACTING INSPECTOR GENERAL (VAMC); BILL REUKAUF, EEO DIRECTOR; THOMAS A. CAPPELLO, FACHE; HHS/OFFICE FOR CIVIL RIGHTS

FROM: MARCIA LORRAINE MADDEN, RN, BSN
2951 Satellite Blvd, N.W. Apt. #331
Duluth, Georgia 30096

SUBJECT: Equal Justice, Medical Malpractice, and Patients' Rights

1. These violations that I am going to list have occurred in so many instances, that I am unsure where to find a beginning, a medium, or an ending. Even as I write this letter, I am overwhelmed not only by this physical pain but a heartache that threatens to stop my breathing at any moment. Sometimes, I feel that my heart will cease to beat but I will attempt to remain impartial and objective until the end. **O give thanks unto the LORD, for he is good:  for his mercy *endureth* forever.**

2. It all began in 1998 (and even before this historic moment) when I was commissioned as a second lieutenant and enlisted in the United States Air Force as a Registered Nurse. When I successfully completed my officer training program in Montgomery, Alabama despite the odds against me; I knew that the grace of God would continue to bless, guide, and protect me in my journeys ahead, known or unknown. To this day forth, **the LORD is my light and my salvation!**

3. While on active duty at the Mountain Home AFB Hospital, my basic civil (legal/professional) and humane (patient) rights were grossly violated in several ways. I was unlawfully discriminated against based on race, gender, national origin, and professionalism. I was denied promotions, transfers, and assignments desired. In addition, I experienced prejudicial treatment by both superiors and inferiors; thus, an abuse of authority resulted. For instance, I was told that I should think of a career change b/c I would not make it as a nurse...in other words, I was incompetent. But what I believed was, **'I can do all things through Christ which strengtheneth me.'** Violation of my rights to privacy included but was not limited to:  sharing my private and confidential medical details and records with those who did not have a need to know, making public my credit history to non-affiliated parties, and eavesdropping on private conversations.

4. Furthermore, my patient rights and protected health information was a thing of public knowledge to say the least!  Consequently, I suffered personal injuries by the hands of my primary care practitioners, other health care providers, and the hospitals/facilities in which I sought help. For extended periods of time, I was denied access to proper medical care resulting in lack of diagnosis, inadequate, and improper medical treatments. For instance, I was prescribed several medications for 'headache' pain/spasms such as diclofenac (voltaren) 75 mg; ibuprofen (motrin) 400 mg; methocarbobamol (robaxin) 500 mg; naproxen (naprosyn) 500 mg. Finally, midrin po capsules were prescribed for tension headaches with sedative side effects. '...**whosoever putteth, his trust in the lord shall be safe.'**

5. Although, it was known that I had symptoms of Raynaud's phenomenon and it was not certain if I had the disease, an incident occurred when I was subjected to several cold office environments, my great thumb froze and became bluish and painful to touch. I went to the ER and was prescribed nifedipine (adalat cc) 30 mg and experienced severe headaches from this medication. My physical and emotional environment threatened my well-being daily, my only outlet was in the gymnasium. I resorted to silence, solitary living, writing letters to government officials, attorneys, the chaplain, MEO, the IG, and whomever I thought could give me temporary refuge from my circumstances. Ultimately, the one that I prayed to was the one that saved me...'**God is our refuge and strength, a very present help in trouble**'.

6. Upon my release from active duty in 2002 by way of an involuntary separation but honorable discharge, I relocated from my permanent home base still in a state of despair. This was partially due once again to delay of services and inability to access proper medical care at the VAMC/Regional Office in Boise, Idaho. By this time, I was suffering emotionally from severe depression/anxiety and physical ailments incurred while on active duty and also resulting from an automobile accident. Thus, I sought help in January 2003 at the Atlanta VAMC and Regional Office in Decatur, Georgia. **Save me, O God!**

7. I sought medical care and employment at the Atlanta VAMC. I believe that I applied a total of four times (Jan.24, 2003; Feb.05, June11, 2003; June 01, 2005). Each time, I submitted my application for a RN position with the Atlanta VAMC, I was rejected without further notice. I was sure that this was the residual effects trickling down from the MHAFB Hospital, officials, and other hospitals/facilities. I was forced to seek stable employment elsewhere which was not and still remains a difficult task. Nonetheless, I paid for my medical care in return for access to the Atlanta VAMC. I began treatment in the urgent care clinic and the women's wellness center. Thus, I had to be diligent...'**And whatsoever ye do, do it heartily, as to the LORD, and not unto men**' and persevere. In the same manner, I followed normal procedures with the Atlanta VA Regional Office until my disability compensation rating was granted in October 2003.

8. As time passed, I was eventually assigned to a practitioner in the Mental Health Clinic at the Atlanta VAMC. This said practitioner diagnosed me with several mood and psychiatric disorders (history of paranoia, bipolar II disorder, hypomanic vs. schizoaffective disorder, post-traumatic stress disorder, chronic--anxiety/depression). Psychological testing was not done at the Atlanta VA Medical Center prior to diagnoses and treatment with psychotropic medications. I was mentally as well as physically exhausted, so I took the medications as prescribed with some reservation. The following scheduled appointments were noted: 05/14/03, 06/11/03, 07/09/03, 08/06/03, 08/14/03, 08/20/03, 10/09/03, 10/24/03, 11/20/03, 02/05/04, 02/06/04, 04/29/03, 06/07/03, 07/14/04, 07/20/04, 11/02/04, 03/24/04, 12/08/04, 06/06/05, 07/25/05, 09/22/05, 10/25/05, 11/17/05, 12/06/05. **Be strong and of good courage, fear not, nor be afraid of them: for the LORD thy God, he it is that doth go with thee; he will not fail thee, nor forsake thee.**

9. The following medications were prescribed but were not limited: paroxetine HCL 20-30mg tablet by mouth daily; risperidone 1-2mg tablet by mouth at bedtime; aripiprazole (abilify) 7.5 mg-15 mg tablet by mouth daily; quetiapine fumarate (seroquel) 25 mg tablet by mouth at bedtime. I requested re-evaluation and neurological testing when I first began experiencing adverse effects with

risperidone. I was told on several different occasions by my provider that he would follow-up with scheduling but he had not. I stated that I would no longer continue on the above named medication and was told that I should switch to another class of medication (at the time it was a newer atypical medication known as 'abilify'…I was given a trial pack). I experienced several side effects and adverse reactions to these prescribed medications such as galactorrhea or nipple discharge-prolactinemia; 'electric sensations' in head and body; 'rolling-eye syndrome' or neuroleptic-induced oculogyric crises a/w atypical antipsychotics (as noted on 01/10/05 by neurologist). Consequently, I experienced several near death episodes driving on the road and may have also lost my job due to noted oculogyric crisis. **I will lift up mine eyes unto the hills, from whence cometh my help.**

10. It is my hope that precious and innocent lives would not be lost in vain. **Hear my prayer, O LORD, and let my cry come unto thee.** Charity suffereth long, *and* is kind; charity envieth not; charity vaunteth not itself, is not puffed up, doth not behave itself unseemly, seeketh not her own, is not easily provoked, thinketh no evil; rejoiceth not in iniquity, but rejoiceth in the truth; beareth all things, believeth all things, hopeth all things, endureth all things….And now abideth faith, hope, charity, these three; but the greatest of these *is* charity **(I CORINTHIANS 13)**. Throughout all my trails and tribulations, **the LORD is my shepherd and I will bless the LORD at all times.**

11. In conclusion, having cited several instances of violations to my basic civil (legal/professional), and humane (patient) rights…the gross injustice still remains in knowing and doing what is expected of me…**So then every one of us shall give account of himself to God.** Thus, I would like to submit a formal complaint against the Mountain Home AFB Hospital and the Atlanta VA Medical Center based on the following facts: personal injury to include pain and suffering, physical and emotional distress, loss of wages and other economic benefits, violation of civil/privacy rights, and defamation of character.

12. Thank you all for your time, consideration, and dedication to these matters. I pray that my efforts may bring about a fair and justifiable end to these issues as reasonably allowed under due process of the law. I respectfully, await your responses. Additionally, I myself would like to bring closure to this cause of action, so that I may truly be free!

Sincerely,

Marcia L. Madden, RN, BSN