**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARCIA LORRAINE MADDEN,

Plaintiff,

vs.

UNITED STATES OF AMERICA (U.S. ATTORNEY GENERAL (HON. ALFRED GONZALEZ, U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF THE AIR FORCE(SAF/IGO), DEPT. OF THE AIR FORCE (AFMOA/SGZC), DEPT. OF THE AIR FORCE (366TH MDG/MHAFB HOSPITAL), DEPARTMENT OF VETERANS AFFAIRS (ATLANTA VAMC/WILLIAM THIGPEN), DEPT. OF VET AFFAIRS (EEOC/MEO), COMMUNITY GENERAL HOSPITAL (DEPT. OF RISK MANAGEMENT), GRADY HEALTH SYSTEM (DEPT. OF RISK MANAGEMENT): 48th Armstrong Hall, 2nd Fl., 80 Jesse Hill Drive, S.E., Atlanta, Georgia 30303-3050,GEORGIA STATE ATTORNEY GENERAL'S OFFICE (HONORABLE THURBERT BAKER), NATIONAL COUNCIL OF STATE BOARDS OF NURSING,

Defendants.

CIVIL ACTION FILE

NO. 06-356 RBW

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF FULTON-DEKALB HOSPITAL AUTHORITY, D/B/A GRADY HEALTH SYSTEM**

Fulton-DeKalb Hospital Authority, d/b/a Grady Health System ("Grady Health"), hereby respectfully requests that Plaintiff's claim be dismissed for (a) Plaintiff's failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), or (b) in the alternative,

for lack of personal jurisdiction over Grady Health, pursuant to Fed. R. Civ. P. Rule 12(b)(2), or (c) in the alternative, for lack of subject matter jurisdiction in this action as to Grady Health, pursuant to Fed. R. Civ. P. 12(b)(1).

## I. STATEMENT OF FACTS

Plaintiff, a resident of the city of Duluth and a citizen of the State of Georgia, served the instant action upon Grady Health in Atlanta, Georgia on April 19, 2006. Plaintiff enumerated four causes of action and attached seven exhibits. Plaintiff has named Grady Health in the caption of this pending action, but never again names, mentions, references or alludes to Grady Health anywhere in the Complaint or in any of the Exhibits.

The Fulton-Dekalb Hospital Authority, which does business as Grady Health, owns and operates, inter alia, Grady Memorial Hospital a public hospital in Atlanta, Georgia. Grady Health also provides various other medical services in the State of Georgia, but it has no facilities or operations in other states or the District of Columbia. Grady Health is not aware of any connection it may have with Plaintiff, nor does it know anything about Plaintiff's claims.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion under Rule 12(b)(6) tests whether Plaintiff "has properly stated a claim upon which relief can be granted." Friendship Edison Public Charter School Chamberlain Campus v. Smith ex rel. L.S., 2006 WL 1195915 at *2 (D.D.C. 2006). This action embodies the rare occurrence where, outside of being a named party to the action, Grady Health is not mentioned in any part of the

Complaint or any attached exhibits. Grady Health's name (albeit named as a misnomer) only appears once and that is in the caption to the case. Even after this Court "consider[s] all well-pleaded facts as true, and … draw[s] all reasonable inferences in favor of the non-movant," there does not exist a claim against Grady Health. Id. at *3. Indeed, Plaintiff has failed to make any statement or allegation relating to Grady Health. Therefore, because as to Grady Health, Plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this action as to Grady pursuant to Fed. R. Civ. P. 12(b)(6). Stich (Rodney F.) v. U.S. Department of Justice, 1987 WL 9237 at *3, n. 3 (D.D.C. 1987).

**B. Grady Health Is Not Subject To Personal Jurisdiction In This District.**

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure a pleading shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Plaintiff bears the burden of establishing personal jurisdiction over Grady Health. Boling-Bey v. U.S. Parole Com'n, 2006 WL 1030122 at *3 (D.D.C. 2006); Atlantigas Corp. v. Nisource, Inc., 290 F.Supp.2d 34, 42 (D.D.C. 2003). To meet this burden Plaintiff "must allege specific facts on which personal jurisdiction can be based." Id. In addition, Plaintiff cannot aggregate factual allegations concerning multiple defendants in an attempt to demonstrate the existence of personal jurisdiction over any individual defendant. Atlantigas Corp., 290 F.Supp. 2d at 42. Plaintiff has failed to meet this burden because she has not alleged any facts which would permit the exercise of personal jurisdiction over Grady Health. Indeed, Plaintiff has not alleged any facts at all relating to Grady Health.

In addition, Plaintiff fails in demonstrating a basis for personal jurisdiction under District of Columbia's long-arm statute, D.C.Code § 13-423. The District of Columbia long-arm statute

is the only means by which personal jurisdiction may be exercised over a non-resident defendant. Boling-Bey, 2006 WL 1030122 at *3. The District's long-arm statute provides that a Court may exercise personal jurisdiction over defendants who have:

> (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. Id. (citing D.C.Code § 13-423(a)(1)-(4)(2006)).

Plaintiff has made no factual allegations against Grady Health that can satisfy any of the four prongs of the District's long-arm statute. Therefore, this Court should dismiss this action as to Grady Health pursuant to Fed. R. Civ. P. 12(b)(2).

**C. Subject Matter Jurisdiction Does Not Exist In This District As to the Claim Against Grady Health**

Plaintiff also has failed to allege facts sufficient to show, on the face of the Complaint, that this Court has subject matter jurisdiction over Grady Health for this action. Plaintiff, as discussed above, has failed to allege any factual information as pertaining to Grady Health. In fact, Grady Health and Plaintiff for diversity purposes are both citizens of the State of Georgia. Pursuant to 28 U.S.C. § 1332(a), a district court shall have original jurisdiction of civil matters where the amount in controversy exceeds the sum or value of $75,000, and is between citizens of different states. There is no diversity of citizenship between Plaintiff and Grady Health, and no subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff has not alleged any other basis

for original jurisdiction and therefore, this Court should dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over Grady Health.

## III. CONCLUSION

For the foregoing reasons, Grady Health respectfully requests that this Court grant its motion and thereby enter an Order to dismiss Grady Health pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure or, in the alternative, grant its motion and thereby enter an Order pursuant to Rule 12 (b)(2) dismissing Grady Health or, further in the alternative, grant its motion and thereby enter an Order pursuant to Rule 12 (b)(1) dismissing Grady Health.

Respectfully submitted this 9th day of May, 2006.

/s/ Robert C. Threlkeld
Robert C. Threlkeld
D.C. Bar No. 416563
Attorneys for Defendant Fulton-Dekalb Hospital Authority d/b/a Grady Health Systems

**MORRIS, MANNING & MARTIN LLP**
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone: (404) 233-7000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARCIA LORRAINE MADDEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA (U.S. ATTORNEY GENERAL (HON. ALFRED GONZALEZ, U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA, DEPARTMENT OF THE AIR FORCE(SAF/IGO), DEPT. OF THE AIR FORCE (AFMOA/SGZC), DEPT. OF THE AIR FORCE (366TH MDG/MHAFB HOSPITAL), DEPARTMENT OF VETERANS AFFAIRS (ATLANTA VAMC/WILLIAM THIGPEN), DEPT. OF VET AFFAIRS (EEOC/MEO), COMMUNITY GENERAL HOSPITAL (DEPT. OF RISK MANAGEMENT), GRADY HEALTH SYSTEM (DEPT. OF RISK MANAGEMENT): 48th Armstrong Hall, 2nd Fl., 80 Jesse Hill Drive, S.E., Atlanta, Georgia 30303-3050,GEORGIA STATE ATTORNEY GENERAL'S OFFICE (HONORABLE THURBERT BAKER), NATIONAL COUNCIL OF STATE BOARDS OF NURSING,<br><br>Defendants. | ) | CIVIL ACTION FILE<br><br>NO. 06-356 RBW |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the within and foregoing "Memorandum of Points and Authorities in Support of Motion to Dismiss of Fulton-DeKalb Hospital Authority, d/b/a Grady Health System," upon:

Marcia Lorraine Madden
2951 Satellite Blvd., N.W. #331
Duluth, Georgia 30096-2332
(770) 476-4858

by having a copy of same mailed via the U.S. Mail, properly addressed and with postage prepaid.

This 9th day of May, 2006.

/s/ Robert C. Threlkeld
Robert C. Threlkeld

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
(404) 233-7000