UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| **Marcia Lorraine Madden,** )  | ) |
| *Plaintiff,* ) | ) |
| v. ) | Civil Action No. |
| ) | 06-356 RBW |
| **United States of America, Community** ) | |
| **General Hospital,** *et al.* ) | |
| ) | |
| *Defendants.* ) | |

---

### DEFENDANT COMMUNITY GENERAL HOSPITAL'S RULE 12(b) MOTION TO DISMISS OR -- IN THE ALTERNATIVE -- TO TRANSFER

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Community General Hospital ("Community General") moves to dismiss Plaintiff Marcia Lorraine Madden's ("Madden") employment discrimination Complaint. There are three separate and independent bases for Community General's motion. ***First***, pursuant to Rule 12(b)(6), the Complaint should be dismissed because it is untimely (by more than 5 years). ***Second***, pursuant to Rule 12(b)(3), venue is improper because the alleged discriminatory practice occurred in Syracuse, New York; accordingly, transferring the case to the Northern District of New York is equally appropriate. ***Finally***, pursuant to 12(b)(3), service of process is insufficient.

### I. OVERVIEW

Community General is a hospital located in Syracuse, New York. *(Complaint ¶¶ 1-10) (Complaint Exhibit A at p. 1)*. Madden worked for Community General from September 28, 1998 until her termination on January 21, 1999. *(Complaint ¶¶ 5, 9)*. On February 22, 1999, Madden filed a complaint with the New York State Division of Human Rights (the "NYSDHR") alleging that Community General terminated her employment because she is West Indian. *(Complaint ¶ 10) (Complaint Exhibit A at p. 1)*.

Madden's NYSDHR complaint against Community General was "cross-filed" with the Equal Employment Opportunity Commission (the "EEOC"). *(Id.)*. The EEOC issued its

*Dismissal and Notice of Right to Sue* on August 3, 1999; the EEOC's notice was attached to the *pro se* Complaint that Community General received by mail.  *(Complaint Exhibit A at p. 3)*.  For convenience, the EEOC's right to sue notice is also attached hereto as *Exhibit 1*.[1]

Madden has joined several state and federal agencies in this matter and seeks redress against them for many unrelated wrongs which occurred outside of and after she left Syracuse, New York (*e.g.*, she appears to be suing the Department of Veterans Affairs for medical malpractice stemming from an auto accident she had in Boise, Idaho in 2002).  *(Complaint ¶ 13)*.  Only one count of the Complaint is directed at Community General.  *(Complaint ¶¶ 1-10)*.

## II.  THE COMPLAINT IS UNTIMELY

Madden's Complaint alleges that Community General violated Title VII of the Civil Rights Act of 1964.  *(Complaint ¶ 10)*.  A Title VII claim must be filed within 90 days of receipt of the EEOC's right to sue notice.  *42 U.S.C. § 2000e-5(f)(1)*.  However, Madden's Complaint was filed more than 5 years after the EEOC's right to sue notice was issued on August 3, 1999.  Accordingly, a Rule 12(b)(6) motion to dismiss at the outset is appropriate to raise the dispositive affirmative defense.  Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998) (affirming district court's grant of Rule 12(b) motion to dismiss where complaint was filed 92 days after EEOC notice; "Defendant's properly raised the untimeliness defense by pre-answer motion under Rule 12(b)(6)").

The EEOC's right to sue notice was "presumptively mailed on the date of its issuance." Anderson v. Local 201 Reinforcing Rodmen, 886 F.Supp. 94, 97 (D.D.C. 1995) *citing* Speed v. Letter Carriers Health Plan, 1992 U.S.Dist. Lexis 2110 (D.D.C 1992) *aff'd* 933 F.2d 913 (DC. Cir. 1993).  Here, the presumptive mailing date is August 3, 1999.  *(See, Exhibit 1)*.

Madden's Complaint does not allege the precise date she received the EEOC's right to sue notice.  Thus, there is a presumption that Madden received it 3 days after it was mailed by the EEOC.  Smith-Haynie, 155 F.3d at 578, n.3 ("Title VII plaintiffs need not include the date of

---

[1] Because the EEOC notice was attached to the Complaint Community General received by mail, it is properly considered by this Court in deciding the Rule 12(b)(6) motion.  Cephas v. MVM, Inc., 403 F.Supp. 2d 17, 20 (D.D.C. 2006) ("This Court finds compelling a legal standard used in this District that documents attached as exhibits or incorporated by reference may be used in determination of a 12(b)(6) motion to dismiss.").  *See also*, EEOC. V. St. Francis Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated into the complaint and any matter of which we may take judicial notice.").

receipt of a right-to-sue letter in their complaints.  In the event that a date is not pleaded, the Supreme Court has applied the "3-day rule" of Federal Rule 6(e) to presume that the letter is received three days after it is mailed.") *citing* Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148, n.1 (1984).  Here, the presumptive date of receipt is August 6, 1999.

Applying the presumptive mailing and receipt dates reveals that Madden's Complaint should have been filed within 90 days after August 6, 1999; *i.e.,* on or before November 4, 1999.  Thus, the Complaint is untimely by more than 5 years.  Courts in this district have routinely granted 12(b)(6) motions to dismiss where Title VII's  limitations period have not been satisfied by *pro se* plaintiffs.  Anderson, 886 F.Supp. at 97 (granting Rule 12(b)(6) motion because complaint was filed 97 days after EEOC issued notice; "That plaintiff is a *pro se* litigant does not render him immune from the 90-day filing requirement."); Taye v. Amundson, 908 F.Supp. 21, 23 (D.D.C. 1995) (granting Rule 12(b)(6) motion because complaint was filed 7 months after EEOC issued notice; "Although the Court will hold a *pro se* plaintiff's complaint to a standard less stringent than pleadings drafted by attorneys, the Court can not overlook legal requirements.").  *See also*, Lucas-Bolden v. Potter, 2005 U.S.Dist. Lexis 35693 (D.D.C. 2005) (converting Rule 12(b)(6) motion to dismiss into one for summary judgment and granting motion because *pro se* complaint was filed 2 years after EEOC issued notice).

### III.  IMPROPER VENUE

Actions brought under Title VII must be filed according to the statute's special venue provision -- *42 U.S.C. § 2000e(f)(3)* -- which provides in relevant part:

> Such an action may be brought (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principle office.

*42 U.S.C. § 2000e-5(f)(3)*.

Here, Madden alleges only that she worked for Community General in Syracuse, New York and that she was discriminated against by the hospital in Syracuse, New York. *(Complaint at ¶ 10) (Complaint Exhibit A at pp. 1-2)*.  Madden, moreover, has pled absolutely no facts

3

supporting any connection whatsoever between the alleged discrimination by Community General and this judicial district.[2]  Accordingly, she has not satisfied Title VII's special venue provision:

> This Court has previously explained that 'venue determinations of where a claim arose are based on a common sense appraisal of events having operative significance.' [*citations omitted*].  The venue inquiry 'focuses on the locus of the alleged discrimination,' not peripheral events. [*citation omitted*].
> Specifically, venue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged in this action took place outside the District even when actions taken inside the district may have had an impact on the plaintiff's situation.  [*citation omitted*].

<u>Macklin v. Mirant Mid-Atlantic</u>, LLC, 2005 U.S.Dist. Lexis 8058, *8-9 (D.D.C. 2005) *(collecting cases)* (granting defendant's motion to dismiss or, in the alternative, to transfer; "a common sense approach indicates that the locus of operative facts that comprise the alleged discrimination and retaliatory practices occurred in Alexandria, Virginia"); <u>Amirmokri v. Abraham</u>, 217 F.Supp. 2d 88, 91 (D.D.C. 2002) ("Because venue is not proper in the District of Columbia under the special venue provision of Title VII, and because all of the acts relevant to plaintiff's complaint occurred in Maryland, the Court grants defendant's motion for a transfer of venue to the District of Maryland.")

Accordingly -- if the Court does not dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) -- Defendant alternatively requests that the case against it be severed pursuant to Rule 21 and transferred pursuant to 28 U.S.C. § 1406(a) to the District Court for the Northern District of New York.  *See generally,* Wright & Miller, <u>Federal Practice & Procedure 3rd</u>, Vol. VII, p. 516, § 1689, n.7 (West 2001) ("Severance under Rule 21 also occasionally is appropriate in actions in which venue is improper as to some but not all defendants. If the claims are separable, the court may cure the defect by severing the claims against those parties who raise valid venue defenses.") *(collecting cases)*.

### IV.  <u>INSUFFICIENT SERVICE</u>

Plaintiff attempted to serve Community General with process in this case *via* certified mail, return receipt requested.  While this method can be an acceptable form of service in the District of Columbia, the applicable procedural rules require that the return receipt be signed for

---

[2] Madden, moreover, will not be able to cure this defect.  Community General operates exclusively in Syracuse, NY (*i.e.,* it does not have any offices or maintain any presence outside of Syracuse, NY).

by an individual expressly authorized by the statute to do so. *See generally*, Lennon v. McClory, 3 F.Supp. 2d 1461, 1463 (D.D.C. 1998) ("When service is by registered or certified mail, Rule 4(i)(2) of the District of Columbia Rules of Civil Procedure requires that the return receipt be signed for by one of the individuals authorized to do so in Rule 4(h)(1)"). Here, however, the return receipt was not signed by anyone; it remains attached to the original envelope that Madden sent to Community General. Accordingly, service has not been accomplished.

## V. **CONCLUSION**

Madden's Complaint is clearly untimely and Community General respectfully requests that it be dismissed as set forth in *§ II, supra*. Alternatively, Community General requests that the case against it be severed and transferred to the Northern District of New York as set forth in *§ III, supra*.

Respectfully submitted,

/s/
_____
Michael J. Murphy - DC Bar No. 421287
Bernard P. Jeweler
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
2400 N Street, N.W., Suite 500
Washington, DC  20037
Tel.   (202) 263-0248
Fax.   (202) 887-0866
Email: Bernard.Jeweler@ogltreedeakins.com

Dated:  May 10, 2006.

5

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                          )
**Marcia Lorraine Madden,**               )
                                          )
       *Plaintiff,*                )
  v.                                      )    Civil Action No.
                                          )    06-356 RBW
**United States of America, Community**   )
**General Hospital,** *et al.*            )
                                          )
       *Defendants.*              )
_____)

## CERTIFICATE OF SERVICE

     I hereby certify that on May 10, 2006, a copy of the Defendant Community General Hospital's Rule 12(b) Motion To Dismiss Or -- In The Alternative -- To Transfer was mailed, postage prepaid, by US first class mail to the following:

    Honorable Alfred Gonzalez
    United States Attorney General
    950 Pennsylvania Avenue, N.W.
    Washington, DC  20530

    United States Attorney for the District of Columbia
    555 - 4th Street, N.W.
    Washington, D.C.  20001

    Department of the Air Force (SAF/IGO)
    1140 Air Force Pentagon
    Washington, D.C.  20330-1140

    Department of the Air Force (AFMOA/SGZC)
    110 Luke Avenue
    Bolling AFB, D.C. 20332-7050

Department of the Air Force (366th th MDG/MHAFB Hospital)
90 Hope Drive
Mountain Home, Idaho  83648

Department of Veterans Affairs
(Atlanta VAMC/William Thigpen)
1700 Clairmont Road
Decatur, Georgia  30033-4032

Department of Veterans Affairs (EEOC/MEO)
801 Vermont Avenue, N.W.
Washington, D.C.  20420

Grady Health System
(Department of Risk Management)
48th Armstrong Hall - 2nd Floor
80 Jesse Hill Drive, S.E.
Atlanta, Georgia  30303-3050

Georgia State Attorney General's Office
(Honorable Thurbert Baker)
40 Capitol Square, S.W.
Atlanta, Georgia  30334

National Council of State Boards of Nursing
676 North St. Clair Street
Suite 550
Chicago, Illinois  60661-2921

Marcia Lorraine Madden
2951 Satellite Blvd., N.W.
Apartment 331
Duluth, Georgia  30096

/s/
_____
Bernard P. Jeweler