UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA LORRAINE MADDEN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-0356 (RBW) |

## **FEDERAL DEFENDANTS' MOTION TO DISMISS**

Federal Defendants, United States of America et al.,[1] respectfully move, pursuant to Fed. R. Civ. P. 12(b) (1) & (6), to dismiss the First Amended Complaint because Plaintiff has failed to exhaust her administrative remedies as required to go forward with a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") and because venue is not proper in this district. In support of this Motion, Federal Defendants refer the Court to the accompanying memorandum of points and authorities. A proposed Order consistent with this Motion also is attached. Pro se Plaintiff should note that the assertions contained in the accompanying declarations and other attachments in support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits her own affidavit or other documentary evidence contradicting Defendants' declarations and attachments.[2]

---

[1] As explained infra, the only proper defendant in a federal tort claim, such as this one, is the United States of America. 28 U.S.C. §§ 2674, 2679(b)(1).

[2] Any factual assertions contained in documents in support of this Motion must be accepted by the Court as true unless Plaintiff submits his own affidavit or other competent evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Rules 7(h) and 56.1; and Fed. R. Civ. P. 56(e), which provides as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/ s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

---

adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA LORRAINE MADDEN,           )<br>                                                            )<br>                    Plaintiff,                  )<br>          v.                                          )          Civil  Action  No. 06-0356 (RBW)<br>                                                            )<br>UNITED STATES OF AMERICA, et al., )<br>                                                            )<br>                    Defendants.              )<br>_____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pro se Plaintiff Marcia L. Madden brings this lawsuit alleging, inter alia, that the United States Air Force and the United States Department of Veterans Affairs acted negligently with respect to her medical care and committed other alleged torts against her including defamation.[3] Plaintiff initiated this action by filing a Complaint on February 27, 2006. Document No. 1. Since Plaintiff has not exhausted her administrative remedies, as is required to go forward with an FTCA claim against the federal government, Plaintiff's claims against the federal government must be dismissed. In addition, Plaintiff's Amended Complaint should be dismissed for improper venue[4] and because Plaintiff has failed to comply with the applicable statute of limitations period. Finally, Plaintiff's claims concerning the United Air Force and its personnel

---

[3] This is, at bottom, an FTCA suit. To the extent that Plaintiff's prolix Amended Complaint contains any other claims against the Federal Defendants, Plaintiff has failed to state a basis for the Court's subject matter jurisdiction over those claims and/or they fail to state a claim. Since venue is not proper in this Court and Plaintiff has failed to exhaust her administrative remedies pursuant to the FTCA, Federal Defendants will not presently address any additional allegations. Defendants note that subject matter jurisdiction and failure to state a claim arguments are not waived but rather may be raised at any time. Fed. R. Civ. P. 12(h)(2)-(3).

[4] While the Court could, in its discretion, transfer this case pursuant to 28 U.S.C. §§ 1402(b), 1404(a) and 1406(a), for the reasons set forth infra, it should be dismissed without prejudice to its refiling once Plaintiff has exhausted her administrative remedies pursuant to the FTCA.

are barred by the Feres doctrine.

## STATEMENT OF FACTS

Plaintiff is a resident of Gwinnett County, Georgia. Am. Compl. at ¶ 1. Gwinnett County, Georgia is located in the Atlanta Division of the Northern District of Georgia. See 28 U.S.C § 90(a)(2). Plaintiff was formerly a Second Lieutenant with the United States Air Force with the 366 Medical Operation Squadron, Mountain Home Air Force Base, Idaho. See Letter signed by Senior Master Sergeant Felicia C. Holly, USAF, attached as Ex. 1.[5] See also Am. Compl. at ¶ 12. On December 10, 1999, Plaintiff was appointed to reserve duty with the Department of the Air Force. Id. Plaintiff's dates of active duty military service for the United States Air Force were from January 4, 2000 through October 22, 2002. Id. While employed with the Air Force, Plaintiff was "a registered nurse," Am. Compl. at ¶ 12, having been registered with the State of New York on December 31, 1998. Ex. 2 attached (license information). Plaintiff's current nursing license status is "Not registered." Id. That status indicates that "a registration has lapsed without explanation." Id. at 3.

Plaintiff's First Cause of Action does not concern Federal Defendants, but instead alleges employment discrimination by a private employer: Community General Hospital in New York. Am. Compl. at ¶¶ 5-10. In her Second Cause of Action, Plaintiff "alleges medical malpractice, negligence and personal injuries while employed as a registered nurse in the Nurse Corps,

---

[5] Defendant submits attachments in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims. It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D. D.C. 1995).

Department of the Air Force . . . ." Am. Compl. at ¶ 12. She also alleges that she suffered "a near-fatal automobile accident in the City of Boise, Idaho when she attempted to seek help from the VA Regional Office," Am. Compl. at ¶ 13. Plaintiff also complains of other traffic accidents that she alleges were precipitated by her medical care "at the hands of federal employees." Am. Compl. at ¶¶ 14-15. Plaintiff's Amended Complaint specifically references collision reports "dated 11/26/02, 9/08/04 . . . [and] 6/01/04," which Plaintiff states are attached to her Complaint.[6] Those reports indicate that the November 26, 2002 collision occurred in Boise, Idaho. Compl., exhibits.[7] A Motor Vehicle Accident Report Attached to Plaintiff's Complaint and dated September 8, 2004, states that the collision occurred in Duluth, Georgia, and that no injuries were reported.

Plaintiff's Third Cause of Action alleges that she "experienced abuse of authority and prejudicial treatment from several federal employees," Am Compl. at ¶ 17, that her rights were violated and that she was mistreated, and that "as a result of federal employee negligence . . . [Plaintiff] was improperly diagnosed and inadequately/improperly treated, thereby resulting in personal injuries," Am. Compl. at ¶ 20. While Plaintiff's Amended Complaint is difficult to understand, the attachments to the Complaint shed some light on Plaintiff's allegations. These allegations seem to relate to Plaintiff's service with the Air Force at the 366 Medical Group in Mountain Home, Idaho. See, e.g., March 8, 2002 letter attached to the Complaint. That letter

---

[6] Federal Defendants' service copy of the Complaint has traffic collision reports dated November 26, 2002 and September 8, 2004 but no report corresponding to the "6/01/04" accident referenced in paragraph 15 of the Amended Complaint.

[7] The attachments to Plaintiff's Complaint are not identified by exhibit number or letter. Thus, in this Memorandum, we will refer to the attachments to the Complaint by each document's date and title.

states that Plaintiff "was removed from nursing practice" on November 16, 2000 for "substandard care." That action, according to the materials Plaintiff filed with her Complaint, occurred near Boise, Idaho, in the District of Idaho, 28 U.S.C. §92, nearly six years ago.

Plaintiff's Fourth Cause of Action alleges "violation of basic civil, patient/privacy rights and defamation of character" against the Air Force. Am. Compl. at ¶ 22. Specifically, Plaintiff alleges that a March 8, 2002 letter from the Air Force to "National Council on State Boards of Nursing, and the New York State Board," Am. Compl. at ¶ 23, and a March 11, 2002 letter from the Air Force to her commanding officer at the 366 Medical Group Command at Mountain Home Air Force Base in Idaho led her commanding officer to "permanently remov[e her] from patient care" and that her nursing privileges were revoked. Am. Compl. at ¶ 24-25. Plaintiff attached the referenced letters to her Complaint. Those letters are dated March, 2002, more than four years ago. The March 11, 2002 letter indicates that any action against Plaintiff's nursing license would be taken by the National Council on State Boards of Nursing and "your state of licensure," not by the Air Force. See March 11, 2002 letter attached to Plaintiff's Complaint (stating that "You may be notified by one of the agencies if further action is taken on your professional license."). That letter also makes clear that the decision to remove Plaintiff from nursing duties was made in the first instance by Plaintiff's commanding officer. At that time, both Plaintiff and her commanding officer were located in Idaho. Id. (letter addressed to Plaintiff in "Mountain Home, ID" and referring to 366 Medical Group "decision to remove you from patient care").

Also attached to Plaintiff's Complaint are three forms that Plaintiff represents to be administrative tort claims. Each of the administrative claim forms is dated January 23, 2006. Since Plaintiff's Amended Complaint does not discuss the administrative exhaustion of her

4

FTCA claims at all, her Amended Complaint does not say whether the federal agencies named in the Amended Complaint ever received or denied the claims.

The first claim form is dated January 23, 2006 and directed to the Department of Veterans Affairs in Decatur, Georgia complains of a November 26, 2002 traffic accident that occurred in Boise, Idaho and seeks to recover $ 532,000,000.  The second form also is dated January 23, 2006 and directed to the Department of Veterans Affairs in Decatur, Georgia.  That claim seeks $73,000,000 in connection with a June 1, 2004 accident in Gwinnett County, Georgia.  The third claim form, also dated January 23, 2006 and directed to the Department of Veterans Affairs in Decatur, Georgia, seeks $550,000,000 in connection with a traffic accident in Dekalb County, Georgia.  None of the alleged traffic accidents nor the allegedly negligent medical treatment occurred in the District of Columbia.  Plaintiff filed this lawsuit on February 27, 2006 and amended her complaint on March 15, 2006.  Because each of Plaintiff's administrative claims were directed to the Department of Veterans Affairs, the Department of the Air Force did not receive any claim form until February 28, 2006, the day <u>after</u> Plaintiff had filed this lawsuit.  Declaration of Colonel Gregory Girard, USAF, attached as Ex. 3.

For the reasons set forth below, Plaintiffs claims against the federal government should be dismissed.

## **ARGUMENT**

I.    <u>Standards of Review</u>.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." <u>Thompson v.</u>

Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied. In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine whether it has jurisdiction over the matter, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. In connection with this rule, Defendant has submitted herewith certain materials explaining the background of this case and supporting Federal Defendants' Feres argument, set forth below.

II.     This Court Does Not Have Jurisdiction over Plaintiff's Claims Because Plaintiff
        Failed to Exhaust Her Administrative Remedies.

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S.

392, 399 (1976). A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign. Ardestani v. INS, 502 U.S. 129, 137 (1991) (citing Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) and Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1986)); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), rehearing denied; Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed"). The construction of the statute favoring the sovereign must be followed as long as it is "plausible." Nordic Village, 503 U.S. at 37.

A plaintiff cannot bring suit in federal court under the FTCA prior to exhausting all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiffs must exhaust their administrative remedies by, inter alia, filing an administrative FTCA claim within two years after accrual of the claim and then filing a complaint in district court within six months after the agency denies the claim. See 28 U.S.C. § 2401(b); Schuler v. United States, 628 F.2d 199, 201-02 (D.C. Cir. 1980); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987). These requirements are jurisdictional prerequisites to filing suit under the FTCA. See 28 U.S.C. § 2675(a); Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997).

   A.   As of the Date of the Filing of the Complaint, Plaintiff had not Properly Presented an Administrative Claim to the Federal Defendants and Because the Federal Defendants had not Denied the Claim nor had Plaintiff Allowed the Federal Defendants 180 Days to Process the Claim.

Because the United States has not waived its sovereign immunity in situations where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims,

Plaintiff's FTCA claims must be dismissed.  Plaintiff's administrative tort claim forms are dated January 23, 2006.  Even assuming, for the sake of argument, that January 23, 2006 was the date that the agencies received the forms, Plaintiff's failure to wait for a denial of her claims or the passage of six months before filing this lawsuit in February, 2006, is fatal to her FTCA claims.

The FTCA defines the terms upon which the United States may be sued and "absent <u>full compliance</u> with the conditions ... placed upon its waiver, courts <u>lack jurisdiction</u> to entertain tort claims against it."  <u>GAF Corp. v. United States</u>, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added).  28 U.S.C. § 2675(a) reads as follows:

> An action <u>shall not</u> be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing.

(emphasis added).[8]  This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  <u>McNeil v. United States</u>, 508 U.S. 106, 111 (1993).  "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command."  <u>Id</u>. at 112.  As the Court of Appeals has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver."  <u>Hohri v. United States</u>, 782 F.2d 227, 245 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987); <u>see also</u> <u>United States v. Kubrick</u>, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); <u>Simpkins v.</u>

---

[8]  The statute goes on to allow the federal government 180 days in which to consider the administrative claim.  <u>Id</u>.

8

District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); Schneider v. Kissinger, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

     Plaintiff filed this lawsuit approximately one month after presenting administrative claims to the Department of Veterans Affairs and prior to any denial of those claims by that agency. Furthermore, Plaintiff filed this lawsuit the day before the Department of the Air Force even received Plaintiff's administrative claim form from the Department of Veterans Affairs. As of the date of the filing of this lawsuit, neither agency had denied Plaintiff's claims. This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

     Moreover, Plaintiff's administrative claims cannot be considered to have been constructively denied. After all, Plaintiff filed this suit on February 27, 2006, Document No. 1, before 180 days had elapsed after presenting her administrative claims to the Department of Veterans Affairs. See Compl, exhibits (forms dated January 23, 2006). Plaintiff never even alleges that she exhausted her administrative tort remedies. As a result, this Court must conclude

9

that Plaintiff has failed to follow the administrative claim prerequisites of the FTCA. Plaintiff's failure to follow the proper tort claims procedure prior to initiating this lawsuit is fatal. Her failure to await either a final denial of the administrative claim by Federal Defendants or the passage of 180 days, see 28 U.S.C. § 2675(a), deprives the Court of jurisdiction. Without a denial of her claims by the agencies, the fact that Plaintiff filed administrative claims with the Department of Veterans Affairs only a few weeks before filing this lawsuit deprives this Court of subject matter jurisdiction over Plaintiff's FTCA claims. McNeil, 508 U.S. at 112-13.

      B.     Plaintiff Failed to Present an Administrative Claim to the Federal Defendants within Two Years of the Alleged Tortious Conduct.

A plaintiff must exhaust her administrative remedies by filing an administrative FTCA claim within two years after accrual of the claim. See 28 U.S.C. § 2401(b). Thus, any claim that Plaintiff seeks to advance here must have accrued within two years of January 23, 2006, the date of Plaintiff's administrative claim forms; that is, any claim that predates January 23, 2004 is barred by 28 U.S.C. § 2401(b). This would include Plaintiff's allegations about her 2002 traffic accident(s), Am. Compl. at ¶ 15, and allegations concerning her tenure as a nurse at Mountain Home Air Force Base and other events occurring in Idaho during 2002. Am. Compl. at ¶¶ 13 (medical malpractice and traffic accident in Boise, Idaho), 17 (complaining about treatment by Air Force personnel), 22-25 (complaining about 2002 Air Force letters, demotion and revocation of nursing privileges).

III.    The Amended Complaint Must Be Dismissed for Improper Venue.

A tort suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). A tort claim arises

under the FTCA at the place where the alleged negligent acts occurred. See Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C.), aff'd, 756 F.2d 91 (D.C. Cir. 1984). Plaintiff's Amended Complaint states that she resides in Gwinnett County, Georgia. Am. Compl. at ¶ 1. Gwinnett County is in the Northern District of Georgia. 28 U.S.C. §90(a)(2)-(3). Thus, this lawsuit can be brought against the federal government only in the Northern District of Georgia, where Plaintiff resides, or where the alleged torts occurred.

Plaintiff's Amended Complaint specifically states that the alleged torts, to the extent that they concern Federal Defendants, arose in Georgia and in Idaho. Plaintiff complains of medical malpractice "while employed as a registered nurse in the Nurse Corps, Department of the Air Force . . . Mountain Home AFB, Idaho . . . and at the Atlanta VAMC/EEO." Am. Compl. at ¶ 12. She also complains of traffic accidents that occurred near Boise, Idaho, Am. Compl. at ¶ 13, and Gwinnett County, Georgia. Am. Compl. at ¶ 14. See also Compl., exhibits (police report for collision in Boise, Idaho; police report for collision in Dekalb County, Georgia). Each of these alleged events occurred outside of this District.

Plaintiff also alleges "defamation of character against AFMOA/SGZC located at 110 Luke Avenue, Bolling AFB, DC." Am. Compl. at ¶ 22.[9] The attachments to Plaintiff's Complaint make clear that Plaintiff's allegations concern her removal from nursing duties at the 366 Medical Group in Mountain Home, Idaho. The removal from nursing duties occurred in Idaho, as did Plaintiff's commanding officer's decision to remove those duties. See March 11, 2002 letter attached to Plaintiff's Complaint (addressed to Plaintiff in "Mountain Home, ID" and

---

[9] Defamation is not a tort cognizable under the FTCA. 28 U.S.C. § 2680(h) (excepting "libel, slander" from FTCA's waiver of sovereign immunity).

under the FTCA at the place where the alleged negligent acts occurred. See Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C.), aff'd, 756 F.2d 91 (D.C. Cir. 1984). Plaintiff's Amended Complaint states that she resides in Gwinnett County, Georgia. Am. Compl. at ¶ 1. Gwinnett County is in the Northern District of Georgia. 28 U.S.C. §90(a)(2)-(3). Thus, this lawsuit can be brought against the federal government only in the Northern District of Georgia, where Plaintiff resides, or where the alleged torts occurred.

Plaintiff's Amended Complaint specifically states that the alleged torts, to the extent that they concern Federal Defendants, arose in Georgia and in Idaho. Plaintiff complains of medical malpractice "while employed as a registered nurse in the Nurse Corps, Department of the Air Force . . . Mountain Home AFB, Idaho . . . and at the Atlanta VAMC/EEO." Am. Compl. at ¶ 12. She also complains of traffic accidents that occurred near Boise, Idaho, Am. Compl. at ¶ 13, and Gwinnett County, Georgia. Am. Compl. at ¶ 14. See also Compl., exhibits (police report for collision in Boise, Idaho; police report for collision in Dekalb County, Georgia). Each of these alleged events occurred outside of this District.

Plaintiff also alleges "defamation of character against AFMOA/SGZC located at 110 Luke Avenue, Bolling AFB, DC." Am. Compl. at ¶ 22.[9] The attachments to Plaintiff's Complaint make clear that Plaintiff's allegations concern her removal from nursing duties at the 366 Medical Group in Mountain Home, Idaho. The removal from nursing duties occurred in Idaho, as did Plaintiff's commanding officer's decision to remove those duties. See March 11, 2002 letter attached to Plaintiff's Complaint (addressed to Plaintiff in "Mountain Home, ID" and

---

[9] Defamation is not a tort cognizable under the FTCA. 28 U.S.C. § 2680(h) (excepting "libel, slander" from FTCA's waiver of sovereign immunity).

referring to 366 Medical Group "decision to remove you from patient care").

While Plaintiff was an active-duty service member in Idaho, her Idaho-based commanding officer's decision was sustained by personnel in this District. That alone does not make venue proper here. The venue provision for the FTCA is clear and specific, a tort suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). None of the tortious acts (negligence, medical malpractice, traffic accidents, removal of nursing duties) that Plaintiff alleges actually occurred in this District, thus there is no basis for venue here. See, e.g., Reuber v. United States, 750 F.2d 1039, 1046-1048 (D.C. Cir. 1984); Mylan Laboratories, Inc. v. Akzo, N.V., 1990 WL 58466, *11 (D.D.C. 1990). Since venue for Plaintiff's FTCA claims does not lie in the United States District Court for the District of Columbia, Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(3).

IV.  Plaintiff's FTCA Claims are Barred, to the Extent that They Arose out of Medical Care Incident to Her Military Service, Under the *Feres* Doctrine.

To the extent that Plaintiff's medical malpractice claims against the Federal Defendants arose from treatment while she was on active duty, they are barred by the Feres doctrine. The United States Supreme Court has made it clear that active duty service members cannot sue for medical malpractice arising out of medical care provided in military hospitals insofar as that care was "incident to service." Feres v. United States, 340 U.S. 135 (1950); Schnitzer v. Harvey, 389 F.3d 200, 203 (D.C. Cir. 2004).

Plaintiff's Amended Complaint says explicitly that she is complaining about "medical malpractice, negligence and personal injuries while employed as a registered nurse in the Nurse

Corps, Department of the Air Force . . . . [as well as when] a civilian at the Atlanta VAMC/EEO." Am. Compl. at ¶ 12. Plaintiff's FTCA claims about her medical treatment while in the Nurse Corps and her removal from nursing duties are barred by the Feres doctrine. Since a motion to dismiss under the Feres doctrine is one for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), Schnitzer v. Harvey, 389 F.3d at 202, as with any inquiry into its own jurisdiction, in assessing whether Plaintiff's alleged injuries are Feres barred, the Court can look beyond the pleadings to determine whether the alleged negligent acts were "incident to service." To that end, Federal Defendants have attached as Ex. 1 to this Memorandum, a letter signed by Senior Master Sergeant Felicia C. Holly, USAF. Plaintiff's dates of active duty military service for the United States Air Force were from January 4, 2000 through October 22, 2002. Id. See also Am. Compl. at ¶ 12 (referring to "Nursing Corps"). That letter demonstrates that any alleged torts that arose while Plaintiff was on active duty between January 4, 2000 and October 22, 2002, are barred.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against the federal government should be dismissed.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/ s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **26**[th] of **June**, 2006, a true and correct copies of the foregoing Motion to Dismiss and supporting materials were served upon pro se plaintiff by United States mail, postage prepaid, addressed as follows:

    MARCIA LORRAINE MADDEN
    2951 Satellite Blvd., N.W. #331
    Duluth, Georgia 30096-2332

                                          /s/
                            PETER S. SMITH, D.C. Bar #465131
                            Assistant United States Attorney
                            United States Attorney's Office
                            Civil Division
                            555 4th Street, N.W.
                            Washington, D.C. 20530
                            (202) 307-0372