AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

DEPT OF FINANCIAL AND
INSURANCE REGULATION
2006 MAY 16  PM 3: 20
SECRETARY'S OFFICE

Marcia Lorraine Madden

**SUMMONS IN A CIVIL CASE**

V.

United States of America (United States Attorney General-Honorable Alfred Gonzalez; United States Attorney for the District of Columbia; Department of the Air Force (SAF/IGO); Department of the Air Force (AFMOA/SGZC); Department of the Air Force (366th MDG/MHAFB Hospital); Department of Veterans Affairs (Atlanta/VAMC/William Thigpen); Department of Veterans Affairs (EEOC/MEO); Community General Hospital (Dept. of Risk Management); Grady Health System (Dept. of Risk Management); Georgia State Attorney General's Office (Honorable Thurbert Baker); National Council of State Boards of Nursing

CASE NUMBER: 06-356 RBW

TO: (Name and address of Defendant)

National Council of State Boards of Nursing
676 North St. Clair Street, Suite 550
Chicago, Illinois 60661-2921

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Marcia L. Madden, Pro Se Attorney
2951 Satellite Blvd., N.W. #331
Duluth, Georgia 30096-2332

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**NANCY M. MAYER-WHITTINGTON**

APR 12 2006

CLERK          *Laura Chaly*

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                          *Signature of Server*


                                              _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Marcia Lorraine Madden

2951 Satellite Blvd., N.W. #331

Duluth, Georgia 30096-2332

770-476-4858

v

United States of America (**U.S. Attorney General (Hon. Alfred Gonzalez)**: 950 Pennsylvania

Ave., N.W., Washington, D.C. 20530; **U.S. Attorney for the District of Columbia**: 555 4th

Street., N.W., Washington, D.C. 20001; **Department of the Air Force (SAF/IGO)**: 1140 Air

Force Pentagon, Washington, D.C. 20330-1140; **Dept. of the Air Force (AFMOA/SGZC)**: 110

Luke Avenue, Bolling AFB, DC 20332-7050; **Dept. of the Air Force (366th MDG/MHAFB**

**Hospital)**: 90 Hope Drive, Mountain Home, Idaho 83648; **Department of Veterans Affairs**

**(Atlanta VAMC/William Thigpen)**: 1700 Clairmont Road, Decatur, GA 30033-4032; **Dept.**

**of Vet Affairs (EEOC/MEO)**: 801 Vermont Avenue, N.W., Washington, D.C. 20420;

**Community General Hospital (Dept. of Risk Management)**: 4900 Broad Street, Syracuse,

NY 13215; **Grady Health System (Dept. of Risk Management)**: 48th Armstrong Hall, 2nd Fl.,

80 Jesse Hill Drive, S.E., Atlanta, GA 30303-3050; **Georgia State Attorney General's Office**

**(Honorable Thurbert Baker)**: 40 Capitol Square S.W., Atlanta, GA 30334; **National Council**

**of State Boards of Nursing**: 676 North St. Clair Street, Suite 550, Chicago, Illinois 60661-2921

Plaintiff, Marcia L. Madden, pro se attorney, complaining of the defendant (s), alleges as follows: Medical Malpractice/Negligence/Personal Injuries/Unlawful Employment Discrimination/Civil Rights Violation in a Verified Civil Complaint

1. Marcia L. Madden is a resident of the State of Georgia, residing in the County of Gwinnett at 2951 Satellite Blvd., N.W., Apt.#331, Duluth, Georgia 30096. Ph#770-676-6858.

2. Upon information and belief, this is a multiple district litigation against the above-named defendant (s) head-quartered in the District of Columbia, Washington, D.C. The bill of particulars in this civil action suit originates in the New York State Division of Human Rights located at 333 East Washington Street, Syracuse, N.Y., 3202; Onondaga county and the New York District Office located in New York, New York.

## AS AND FOR A FIRST CAUSE OF ACTION

3. Marcia L. Madden repeats and realleges paragraphs 1-2 as though more fully stated herein.

4. That in accordance with Article 15, Title VII, her civil rights was violated when she experienced unlawful employment discrimination in the States of Georgia, Idaho, and New York.

5. That Marcia L. Madden was employed on 9/28/98 as a nurse aide on a medical surgical unit at Community General Hospital pending successful completion of New York State Nurse Board examination and license to practice as a registered nurse. Nonetheless, in light of Ms. Maddens' circumstances, her nurse manager and co-workers often criticized her care of patients and performance of nurse aide duties.

6. That as a result of Ms. Maddens' withdrawal from staff and co-workers, she was

labeled as having a 'bad attitude' and received two counseling action forms, dated 11/24/98 and 01/21/99 regarding poor job performance.

7. That nurse manager, Linda Blair, was notified by Ms. Madden that she had successfully passed the State Boards examination on 12/20/98 and now desired to seek a registered nurse position and be transferred to another unit within the same facility.

8. Ms. Madden sought out the job bulletin board and interviewed for an advertised opening on the cardiac telemetry unit on 01/20/99.

9. That as a result of interview and job offer, Ms. Madden was terminated and discharged from Community General Hospital following receipt of second counseling action form on 01/21/99.

10. That on February 22, 1999, Marcia L. Madden initiated a complaint against Community General Hospital with the State Division of Human Rights in Syracuse, New York thereby requesting an investigation into an unlawful discrimination practice in violation of Article 15, Title VII; attached as Exhibit A.

## AS AND FOR A SECOND CAUSE OF ACTION

11. Marcia L. Madden repeats and realleges each and every allegation contained in paragraphs 1 through 10 as though more fully stated herein.

12. That in addition to civil rights violation, she also alleges medical malpractice, negligence and personal injuries while employed as a registered nurse in the Nurse Corps, Department of the Air Force/366th MDG/MHAFB Hospital located at 90 Hope Drive, Mountain Home AFB, Idaho 83648; Elmore County and as a civilian at the Atlanta VAMC/EEO.

13. Upon information and belief, she was inadequately and improperly treated on several

occasions for many physical ailments including a undiagnosed ear infection that went untreated

for several months. In addition, while involuntarily separated from active duty Air Force and

suffering from severe depression, stress/anxieties, back/headaches, and earaches/sore throat; Ms.

Madden experienced a near-fatal automobile accident in the city of Boise, Idaho when she

attempted to seek help from the VA Regional Office.

14. That as a civilian seeking treatment through the Department of Veterans Affairs/

Atlanta VAMC located at 1670 Clairmont Road, Atlanta, Georgia 30033; Dekalb County. Ms.

Maddens' care again was compromised at the hands of federal employees (mental health care

practitioner); thus experiencing another near-fatal automobile accident and at least two other

automobile incidents related to adverse reactions (neuroleptic-induced oculogyric crises) of

several prescribed psychotropic medications which altered her sensorium. Please see

memorandum dated 10/25/05; attached as Exhibit B.

15. That due to federal employee negligence and provider (physician)compromise, lack

of medical ethics, improper diagnoses and treatment, Ms. Madden was personally injured and

also suffered property damages to automobile. Please see motor vehicle accident/collision

reports dated 11/26/02, 09/08/04, and Gwinnett County Police Precinct/EMT paramedic incident

report dated 06/01/04; attached as Exhibits C, D, E.


### AS AND FOR A THIRD CAUSE OF ACTION

16. Marcia L. Madden repeats and realleges each and every allegation contained in

paragraphs 1 through 15 as though more fully stated herein.

17. That upon information and belief, Ms. Madden experienced abuse of authority and

prejudicial treatment from several federal employees (Lt. Col. Lawrence A. Becker, Joyce

Shively, Mary S. Armour, Peter M. Young;  Colonel Patricia C. Lewis;  Major David M. Race,

Cheryl Lyon, Kimberly G. Coltman, Katherine J. Reinecke;  Captain Cheryl Gentile, Lisa A.

Coburn, Dianne M. Stroble, Carlito L. Enriquez, Sean N. Bennett, Michael McGann, Brenda C.

Cook, Joanne E. Murphy, Malee K. Sandborn;  and Lieutenant Bobby D. Mitchell, Dale DeSalis

    18.  That Ms. Maddens' basic civil (legal/professional) and humane (patient/privacy)

rights were grossly violated on several different occasions.

    19.  That as a result of mistreatment, Ms. Maddens' lack of sincerity and trust in co-

worker's (both superior and inferior) was a direct result of the abuse of authority, prejudicial

treatment, violation of privately shared information,  and unlawful disclosure of confidential

medical details contained in records.

    20.  That as a result of federal employee negligence (Dr. O'griofa Fionan;  Dr. Matthew

Conklin;  Dr. Jennifer Blomquist;  Dr. Tina A. McGuffey;  and Dr. Michelle Barg;  Mr. Thomas

Badger/RMO;  Ms. Yvonne Hutchinson/RMO;  Ms. Chanda Harrison);  Ms. Madden was

improperly diagnosed and inadequately/ improperly treated, thereby resulting in personal injuries

to plaintiff.


## AS AND FOR A FOURTH CAUSE OF ACTION

    21.  Marcia L. Madden repeats and realleges each and every allegation contained in

paragraphs 1 through 20 as though more fully stated herein.

    22. Ms. Madden further alleges violation of basic civil, patient/privacy rights and

defamation of character against AFMOA/SGZC located at 110 Luke Avenue, Bolling AFB, DC

20332-7050; and DoD OIG located at the Pentagon, Washington, D.C. 20091-0410.

    23.  That on March 08, 2002 a informational letter was signed by Colonel Michael W.

Spatz, sent to the National Council on State Boards of Nursing, and the New York State Board which contained inaccurate and damaging information regarding Ms. Maddens' care of patients and performance of nursing duties; attached Exhibit F.

24. That as a result of correspondence signed by Major Kimberly Robinson on 03/11/02 and forwarded to the 366 Medical Group Commander, Colonel William J.Gray, III, Ms. Madden was reported to the NCSBN and original state of licensure and permanently removed from patient care; attached as Exhibit G.

25. That as a result of these and other adverse actions directed by several government officials and commanders in the 366th Medical Operations Squadron including Patricia C. Lewis; Mary S. Armour; Joyce Shively; Kimberly Robinson; Ms. Madden was demoted and found not qualified for promotion to first lieutenant resulting in suspension and ultimate revocation of nursing privileges.

WHEREFORE, Marcia L. Madden demands judgment from the United States of America and its aboved named defendant (s) as follows:

1. In the first cause of action, that Marcia L. Madden be awarded a money judgment in the sum of $37,000,000.

2. In the second cause of action, that Marcia L. Madden be awarded a money judgment in the sum of $73,000,000.

3. In the third cause of action, that defendant (s) be required and directed to give a just and true/accurate account to Marcia L. Madden of all legal proceedings concerning her rights and eligibility to be employed as a registered nurse, proceed with legal and professional practice; and be fairly compensated, which, upon belief, exceeds all monetary values.

4. In the fourth cause of action, that Marcia L. Madden be awarded double punitive damages and/or $110,000,000.

5. Interest, costs and disbursements in this action.

6. Such other and further relief as to the Court may deem just and proper in the premises.

Dated: 13 March 2006

*Marcia L Madden(t)*

MARCIA L. MADDEN

Per Se Attorney

2951 Satellite Blvd., N. W. #331

Duluth, Georgia 30096-2332

VERIFICATION

STATE OF GEORGIA

COUNTY GWINNETT

Marcia L. Madden, being duly sworn, deposes and says:

Deponent is the plaintiff in the within action. Deponent has read the foregoing Verified

Complaint and knows the contents thereof; and the same is true to Deponent's own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those

matters Deponent believes it to be true.

The grounds of Deponent's belief as to all matters not stated upon Deponent's knowledge

are documents in Deponent's files.

MARCIA L. MADDEN

Sworn to before me this

13th day of March, 2006

Notary Public

STATE OF NEW YORK  EXECUTIVE DEPARTMENT            EXEC. LAW ART. 15
STATE DIVISION OF HUMAN RIGHTS                          SDHR NO:
                                                  5-E-NR-99-5751972-E


```
+---------------------------------------------------+
|(State Division of Human Rights on the Complaint of)|
|                                                   |
| Marcia L. Madden                    COMPLAINANT   |
|                                                   |
|            - against -                            |
|                                                   |
| Community General Hospital          RESPONDENT    |
|                                                   |
+---------------------------------------------------+
```

TITLE VII:  Federal Charge No: 16G999568  > EEOC

I, Marcia L. Madden, residing at 527 Oak St., Apt. # 7, Syracuse, NY
13203, Tel. No. (315) 428-8331H, ( ) - charge the above-named
respondent whose address is 4900 Broad St. Syracuse, NY 13215 Tel.
No. (315) 492-5561 with an unlawful discriminatory practice
relating to Employment in violation of Article 15 of the Executive
Law of the State of New York (Human Rights Law) because of National
Origin and Race, Color.

Date most recent or continuing discrimination
took place 01/21/99.

      **The particulars are:**

 1.    I am from the West Indies (Jamaican).

 2.    I began work for the respondent 9/28/98 as a nurse working as
a nurses aide waiting for my successful completion of the nursing
licensure examination. I reported to Linda Blair, nurse manager in
the medical surgical department. After about the second week I
began to experience discrimination when a patient E.L. avoided
having me work with her on ADL's. I reported to the R.N.'s on duty
that the patient refused my treatment (bath etc.). From that they
concluded wrongly that I refused to do these duties. They claimed
I told the nurses to do these duties themselves. I believe this
patient avoided working with nurses whom she perceived as black.

 3.    I was criticized for a comment I made concerning a patient who
appeared jaundiced and was acting outside of my job description as
an aide. I owned up to that part, but concluded that the
respondent staff on the floor were picking apart my work in detail,
in a manner not used when judging others who were born in this
country.

 4.    I was criticized for trying to learn as much as possible, ie
watching them flushing IV's and perform nursing duties. They made
it sound like I was trying to take over their jobs and work beyond

Complaint: Title VII (INT.2) (1 of 2)
/dla
02/22/99

SDHR NO: 5-E-NR-99-5751972-E      FEDERAL CHARGE NO: 16G999568

my scope of responsibilities.  At the same time I was criticized
for not wanting to do simple tasks like handling bed pans.  This
also was untrue.

5.   Finally I was criticized for having a bad attitude, probably
because I did not socialize with the staff.  I did not discuss my
personal business with them, including when I took the boards.  I
was written up for these things 12/2/98.

6.   I informed my nurse manager I had passed the Boards around
12/20/98.  Blair indicated they needed 3 weeks notice to move me to
another floor as an RN.  She had to sign off on my interviews.  I
continued then to work as a nurses aide.  I knew from the bulletin
boards that there was a position available on the Cardiac Telemetry
unit and asked the nurse manager from that department.  She
indicated she wished to interview me, but needed to go through
personnel.  I did that, but Blair told me I had harassed the other
nurse manager for a job.  Nevertheless I interviewed for the
position 1/20/99.

7.   However, on 1/21/99 I received another write up stating I had
multiple complaints from staff and patients.  At that point I was
discharged from employment.  I can only conclude this has happened
because of my national origin and color.

8.   Because of the actions of the respondent I have suffered
financial loss, pain and mental anguish.

9.   I therefore charge the above named respondent with acts in
violation of the human rights law of the State of New York by
denying me equal terms and conditions of employment and by
discharging me from employment because of my national origin and
color.

Complaint: Title VII (INT.2) (Supplemental)
/dla
02/22/99

EEOC Form 161 (10/96)    U    EQUAL EMPLOYMENT OPPORTUNITY C    MISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:Marcia Lorraine Madden, RN, BSN
    527 Oak St., Apt. #7
    Syracuse, NY 13203

From:
    Equal Employment Opportunity Commission
    New York District Office
    7 World Trade Center, 18th Floor
    New York, New York 10048-1102

[ ]    *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-99-9568 | Legal Unit | (212) 748-8500 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the informati obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. I finding is made as to any other issues that might be construed as having been raised by this charge.

[ X ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismiss and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in fede or state court. Your lawsuit **must** be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on th charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EF underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not I collectible.

**On behalf of the Commission**

_____    _____

_____    *8/3/99*

Enclosure(s)        Spencer H. Lewis, Jr., District Director        *(Date Mailed)*

cc:    Respondent(c): Community General Hospital
        Personnel Director
        4900 Broad St.
        Syracuse, NY 13215

**GEORGIA UNIFORM MOTOR VEHICLE ACCIDENT REPORT**

| Accident Number | Agency NCIC No. | | County | Date Rec. By DPS |
|---|---|---|---|---|
| 04-120713 | 0440200 | | DEKALB | |

| Date 09/08/2004 | Day Of Week ☐Sun M ☐M ☐T ☐W Th ☐F S | Time 7:12 AM | Off. Arrived 7:12 AM | Total Number Of: Vehicles | Injuries 0 | Fatalities 0 | Inside City Of: |

Road of Occurrence: **INTERSTATE 85NB**
1 ☐ Interstate  2 ☐ Lowest St. Rt.  3 ☐ Co. Road  4 ☐ City St.

At Its Intersection With: **INTERSTATE 285 EB ENTRY RAMP**
1 ☐ Interstate  2 ☐ Lowest St. Rt.  3 ☐ Co. Road  4 ☐ City St.

Not At Its Intersection But _____  ☐ Miles 1 ☐ North 3 ☐ East  ☐ Feet 2 ☐ South 4 ☐ West  Of: _____
1 ☐ Interstate  2 ☐ Lowest St. Rt.  3 ☐ Co. Road  4 ☐ City St.  5 ☐ Co. Line  Offense Tract

And Continuing in the Direction Checked Above The Next Reference Point is: **CHAMBLEE TUCKER RD**
1 ☐ Interstate  2 ☐ Lowest St. Rt.  3 ☐ Co. Road  4 ☐ City St.  5 ☐ Co. Line

Corrected Report Yes ☐
Suppl. To Original Yes ☐

| Driver # 1 | Last Name **MADDEN** First **MARCIA** Middle | Driver # | Last Name First Middle |
|---|---|---|---|
| Ped ☐ | Address **2951 SATELLITE BLVD NW** 331 | Ped ☐ | Address |
| | City **DULUTH** State **GA** Zip **30096-** DOB **11/21/1973** | | City State Zip DOB |
| | Driver's License No. **050846115** Class **C** State **GA** ☐Male ☑Female | | Driver's License No. Class State ☐Male ☐Female |

| Posted Speed **40** | Insurance Co. **UNITED SERVICES** | Policy No. **015868485U71021** | Posted Speed | Insurance Co. | Policy No. |
|---|---|---|---|---|---|

| Year **2002** | Make **TOYT** | Model **CAMRY** | Telephone No. **770-476-4858** | Year | Make | Model | Telephone No. |

| VIN **JTDBE30K620005106** | Vehicle Color **BLACK** | VIN | Vehicle Color |

| Tag # **9400AMR** | State **GA** | County **GWINNETT** | Year **2004** | Tag # | State | County | Year |

| Trailer Tag # | State | County | Year | Trailer Tag # | State | County | Year |

| ☑ Same as Driver | Owner's Last Name **MADDEN** First **MARCIA** Middle | ☐ Same as Driver | Owner's Last Name First Middle |
|---|---|---|---|
| Address **2951 SATELLITE BLVD NW** 331 | | Address | |
| City **DULUTH** State **GA** Zip **30096-** | | City State Zip | |

| Removed By **BROWN/BROWN** | ☐ Request ☐ List | Removed By | ☐ Request ☐ List |

| Alcohol Test **2** | Type | Results | Drug Test **2** | Type | Results | Alcohol Test | Type | Results | Drug Test | Type | Results |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Driver Condition **1** | Direction of Travel **3** | Vision Obscured **1** | | Contributing Factors **8** | | Driver Condition | Direction of Travel | Vision Obscured | | Contributing Factors | |
| Vehicle Condition | Vehicle Maneuver **5** | Pedestrian Maneuver | | | | Vehicle Condition | Vehicle Maneuver | Pedestrian Maneuver | | | |

| Most Harmful Event **19** | Vehicle Class **1** | Vehicle Type **1** | Most Harmful Event | Vehicle Class | Vehicle Type |

| Traffic Control **7** | Device Inoperative? ☐ Yes ☑ No | Traffic Control | Device Inoperative? ☐ Yes ☐ No |

| Injured Taken To | | By: |

| EMS Notified Time | EMS Arrival Time | Hospital Arrival Time | Photos Taken: ☐ Yes ☑ No By: |

| Report By: **HICKS, F A** | Department **DeKalb County Police** | Report Date **09/08/2004** | Checked By: | Date Checked **09/08/2004** |

Witness(es): Name _____ Address _____ City _____ State _____ Zip Code _____ Telephone No. _____

DPS MICROFILM NUMBER  (DO NOT WRITE IN THIS SPACE)

MAIL TO: GEORGIA DEPARTMENT OF PUBLIC SAFETY, ACCIDENT REPORTING UNIT, P.O. BOX 1456, ATLANTA, GEORGIA, 30371-2303

| Carrier Name Vehicle # 1 | Carrier Name Vehicle # |
|---|---|
| Address | Address |
| City State Zip | City State Zip |

| Number of Axles | G.V.W.R. | Fed. Reportable 1 ☐ Yes 2 ☐ No | Cargo Body Type | Number of Axles | G.V.W.R. | Fed. Reportable 1 ☐ Yes 2 ☐ No | Cargo Body Type |

| Vehicle Config. | I.C.C.M.C. # | U.S. D.O.T. # | Interstate ☐ Intrastate ☐ | Vehicle Config. | I.C.C.M.C. # | U.S. D.O.T. # | Interstate ☐ Intrastate ☐ |

C.D.L.? 1 ☐ Yes 2 ☐ No   C.D.L. Suspended? 1 ☐ Yes 2 ☐ No
Vehicle Placarded? 1 ☐ Yes 2 ☐ No   Hazardous Materials? 1 ☐ Yes 2 ☐ No   Released? 1 ☐ Yes 2 ☐ No
If YES, Name or 4 Digit Number from Diamond or Box: _____
1 Digit Number from Bottom of Diamond: _____

___ Ran Off Road   ___ Down Hill Runaway   ___ Cargo Loss Or Shift   ___ Separation of Units

C.D.L.? 1 ☐ Yes 2 ☐ No   C.D.L. Suspended? 1 ☐ Yes 2 ☐ No
Vehicle Placarded? 1 ☐ Yes 2 ☐ No   Hazardous Materials? 1 ☐ Yes 2 ☐ No   Released? 1 ☐ Yes 2 ☐ No
If YES, Name or 4 Digit Number from Diamond or Box: _____
1 Digit Number from Bottom of Diamond: _____

___ Ran Off Road   ___ Down Hill Runaway   ___ Cargo Loss Or Shift   ___ Separation of Units



Unit # 1
Accident # 04-120713

**REMARKS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Narrative Title: INITIAL REPORT
Date Entered: 9/9/2004 6:05:44 AM

DRIVER OF VEHICLE #1 STATES SHE WAS TRAVELING SOUTH ON INTERSTATE 85
EXITING TO INTERSTATE 285 EB ENTRY RAMP. THE DRIVER STATES THAT SHE LOST

MAIL TO: GEORGIA DEPARTMENT OF PUBLIC SAFETY, ACCIDENT REPORTING UNIT, P.O. BOX 1456, ATLANTA, GEORGIA. 30371-2303

| Accident Investigation Site? | CITATIONS - VEHICLE # 1 _____ | | CITATIONS - VEHICLE #_____ | |
|---|---|---|---|---|
| ☐ Yes  ☑ No Site Number: ____ | | | | |

| First Harmful Event | Traffic-Way Flow | Weather | Surface Cond. | Light Condition | Manner Of Collision | Location At Area Of Impact | Road Comp. | Road Defects | Road Character |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 4 | 3 | 2 | 2 | 1 | 5 | 2 | 1 | 5 |

|  | VEH. #1 | VEH. # | | SKID DISTANCE | | | | | Width Of Road |
|---|---|---|---|---|---|---|---|---|---|
| Number of Occupants | 1 | | BEFORE IMPACT | 1  AFTER | 1 | | | 48 | |
| Point Of Initial Contact | 10 | | | VEH. | VEH. | | | | |
| Damage To Vehicles | 3 | | | VEH. | VEH. | | | | |

| Damage Other Than Vehicle | Owner: | | AGE | SEX | VEH NO. | POS. | INJURY | TAKEN FOR TREAT. | EJECT | SAFETY EQUIP. | EXTRIC. | AIR BAG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Occupants | Driver # 1  Or Pedestrian # | | | | | | 0 | N | 1 | 3 | N | 2 |
| | Driver #  Or Pedestrian # | | | | | | | | | | | |
| Last Name        First        Address | City        State        Zip | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

AGENCY: DEKALB COUNTY POLICE DEP. \_ MEN.
Jurisdiction: GA0440200
DMV Number: 04-12071G

**Narrative: Page 3**

CONTROL AS SHE ENTERED THE CURB ON THE RAMP COLLIDING WITH THE   GUARDRAIL. NC
INJURIES REPORTED AT THE SCENE.

# GWINNETT COUNTY DEPARTMENT OF FIRE & EMERGENCY SERVICES
## RELEASE OF LIABILITY FORM

Date:_____  Incident #:_____  Unit:_____  Location:_____

Times:  Report 911:_____  Dispatch notified:_____  Unit notified:_____  At Scene:_____  At Patient:_____  Inservice:_____

**Check all that apply and explain in the narrative section:**

Medical Assessment:  ☐ Encouraged  ☑ Performed
Ambulance Transport:  ☑ Encouraged

Patient Refuses:  ☐ Treatment   ☐ Transport
EMS Requested by:  ☐ Patient   ☑ Other

☑ Person signing form is a consenting adult, emancipated minor, or legal guardian of the patient.

☐ Patient is alert to person, place, time, and events; not obviously impaired; and has no apparent signs that would influence ability to make decisions.

☐ Patient has acknowledged the potential risks and consequences of refusal.

☑ Patient has no suicidal ideations or evidence of recent self-inflicted harm.

☑ Patient has acknowledged advice about needed treatment or transportation services.

## REFUSAL OF TREATMENT / TRANSPORT ACKNOWLEDGEMENT

By my signature, I hereby acknowledge that I have been informed of the risk(s) in refusing medical care and/or transport. I further acknowledge that I have refused such medical attention and do hereby release Gwinnett County, it's officers, agents, and employees from any and all liability and/or responsibility for any injury or illness (real or perceived) that might develop as a result of my refusal.

I also acknowledge that I have received a copy of the Gwinnett County Fire and Emergency Services Patient Privacy Notice.

_____
**Signature of Patient or Legal Guardian**

_____
**Patient Name**  *Marca Madden*

_____
**Address**  *2951 Satellite BLVD*

_____  (   )   -
**Witness Signature & Phone Number**

11/21/72          (770) 976-9850
**D.O.B.**          **Home Phone**

Duluth          GA      30096
**City**          **State**   **Zip Code**

| Time | Pulse | Resp | Blood Pressure | | Other |
|------|-------|------|------|------|------|
| 2165 | 64 | 16 | 120 | 80 | |

Narrative:_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____
**EMT/Paramedic Signature**          **EMT/Paramedic Signature**



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS UNITED STATES AIR FORCE
WASHINGTON DC

MAR 0 8 2002

MEMORANDUM FOR: National Council of State Boards of Nursing
676 North St. Clair Street, Suite 550
Chicago, IL 60661-2921

FROM: AFMOA/SGZC
110 Luke Avenue, Room 405
Bolling AFB, DC 20332-7050

SUBJECT: Report of Incident to State Board of Licensure

Department of Defense policy requires that we notify licensing agencies of certain actions involving licensed providers. The following information is provided:

a. Individual's Name/Field of License: Marcia L. Madden, RN
b. Date of Birth: 21 November 1973
c. Social Security Number: 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
d. Home of Record: 750 S. 5ᵗʰ St West, Mountain Home, ID 83647
e. School Attended/year graduated: Syracuse University, 1996
f. State and License Number: NY 504216-1
g. Military Treatment Facility: 366 Medical Group, 90 Hope Drive, Mt Home, ID 83648
h. Action and Date: 16 Nov 00—Marcia L. Madden was removed from nursing practice for substandard care. This action resulted from her inability to progress to independent clinical practice despite 2 ½ years of experience. This was evidenced by numerous medication errors, inappropriate patient assessments, failure to obtain proper consent, inability to perform proper IVs, violating patient privacy, failure to properly triage patients and providing inappropriate patient instructions.

Please provide us with a copy of any action taken as a result of this notification. Requests for further information may be sent to Maj Kimberly Robinson at the above address. You can reach us by phone at (202) 767-4140.

MICHAEL W. SPATZ, Col, USAF, MC
Chief, Clinical Quality Management Division
Air Force Medical Operations Agency
Office of the Surgeon General

cc: Copy to Member
366 MDG/CC
HQ ACC/SGO
HQ ARPC/SG
HQ ANG/SG
AFPC/DPAM
NY Nursing Board



## DEPARTMENT OF THE AIR FORCE
### HEADQUARTERS UNITED STATES AIR FORCE
### WASHINGTON DC

AFMOA/SGZC                                    MAR 1 1 2002
110 Luke Avenue, Room 405
Bolling AFB, DC 20332-7050

Second Lieutenant Marcia L. Madden, USAF, NC
750 S. 5ᵗʰ St West
Mountain Home, ID 83647

Dear Lieutenant Madden

      The Commander, Air Force Medical Operations Agency, and the Director, Nursing Services, reviewed your appeal of the 366 MDG/CC decision to remove you from patient care. They concurred with the commander and directed that you be reported to the National Council on State Boards of Nursing (NCSBN) and your state of licensure.

      Attached is the informational letter that was sent to the NCSBN and the New York Nursing Board. You may be notified by one of these agencies if further action is taken on your professional license. I encourage you to retain this documentation to verify the final action related to your case. If you have further questions regarding this matter, you may contact me at the above address or telephone at commercial (202) 767-4140, DSN 297-4140.

                    Sincerely

                    *Kimberly J. Robinson*

                    KIMBERLY J. ROBINSON, Maj, USAF, BSC
                    Chief, Professional Staff Actions
                    Air Force Medical Operations Agency
                    Office of the Surgeon General

cc:
366 MDG/CC

January 21, 2006

MEMORANDUM FOR THE HONORABLE ALFRED GONZALEZ; THURBERT BAKER;
CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT/DISTRICT OF COLUMBIA

FROM: MARCIA LORRAINE MADDEN, RN, BSN
   2951 Satellite Blvd., N.W. Apt., # 331
   Duluth, Georgia 30096-2332

SUBJECT: Medical Malpractice/Negligence/Personal Injury Suit

1. Under the advice of general counsel or attorney, it is my intent to bring a medical malpractice/negligence/personal injury suit under 28 U.S.C. Federal Tort Claims Act (FTCA) against the Mountain Home Air Force Base Hospital and the Atlanta VA Medical Center (named defendants' in the suit) for property and personal injuries suffered at the hands of government medical professionals, para-professionals, and other lay personnel.

2. As outlined in memorandum attachment #1 (dated 10/25/05), as a result of negligent acts or omissions by several government employees while rendering medical care and treatment to me, the plaintiff, I have been injured physically, psychologically, and emotionally. I continue to endure true physical ailments in the form of pain and suffering; emotional distress due to post-traumatic stress disorder/anxiety and economic deprivation as a result of loss wages and other economic benefits which comes with un/employment. In addition, I have been violated as a patient/person and disrespected as a human being which makes me feel lower than the very earth I walk on. This defamation of character has brought such disgrace upon myself and also my family who must live with the shame and embarrassment that comes with knowing that they will forever endure the guilt of blame for rearing a child/ren in such a cold, cold-hearted and evil world.

3. Although, I am aware of a sovereign immunity clause within the Federal Tort Claims Act; I fully understand my rights under this act as well as the exception of the FECA/Feres Doctrine, 38 U.S.C. When I think of the many stipulations involved in the FTCA, I hereby, request the right to file a personal injury claim in the state of Georgia for punitive damages. Not only have I been injured in one state but many (i.e. Idaho, New York) by an unscrupulous and negligent federal employee.

4. Furthermore, I can provide many supporting documentations which have and have not been altered through the patient information and FOIA request system. These documents include but are not limited to abuse of authority/ IG complaints, personal property/automobile injuries, employment/racial discrimination, violation of civil/privacy rights, medical malpractice/negligence, patient advocacy complaints/tampering with official mail documents. Additionally, I have sought the opinion of several civilian and contract physicians and was even treated by some. Please refer to memorandum attachment #2 (dated 12/12/05).

5. As always, it has been a very difficult journey...one in which there are no willing passengers and your burden becomes heavier to bear. Then you ask yourself...if the load that I carry is so unbearable, why do you continue to travel down the road? My answer is simply this...I must persevere that I may make it to the other side of the world, *'and let us not be weary in well doing for in due season we shall reap, if we faint not.'*

6. Please review letter attachment #3 (dated 3/11/02). I often wonder if my inability to find gainful and lengthy employment is the direct result of this letter reporting me to the National Council on State Boards of Nursing (NCSBN) and my state of licensure (NY, GA). When the LORD foretold us that the evils of the father would be revisited upon his sons and daughters for generations to come...I recall one of my most inspirational psalms, *'fret not thyself because of evildoers, neither be thou envious against the workers of iniquity...'*

7. I often ponder why the human race finds it so easy to spume lies off the tongue that it stings like a serpents' bite...after all, have they not ever heard the story of creation or the beginning of life?...when the LORD answers me, I pray for release from this viperous nation of Sodom and Gomorrah! I know that no man was meant to live for ever because of this sin...so I have been reassured, *'let not your heart be troubled: ye believe in GOD, believe also in me. In my Father's house are many mansions: if it were not so, I would have told you. I go to prepare a place for you.'*

8. In conclusion, please be advised that an administrative claim will be filed with the federal agency (VA Medical Center) and a formal verified complaint, Marcia L. Madden versus the United States of America, will be served on the Georgia State Attorney and the United States Attorney General's office. Please respond in turn. Thank you for your attention.

As always,

Marcia L. Madden

Attachments:
1. Memorandum, dated 25 Oct '05
2. Memorandum, dated 12 Dec'05
3. AFMOA/SGZC ltr, dated 11 Mar '02

cc:
Michael R. Johnson, Sr.
MLM/wpd

25 October 05

MEMORANDUM FOR JON A. WOODITCH, ACTING INSPECTOR GENERAL (VAMC); BILL REUKAUF, EEO DIRECTOR; THOMAS A. CAPPELLO, FACHE; HHS/OFFICE FOR CIVIL RIGHTS

FROM: MARCIA LORRAINE MADDEN, RN, BSN
2951 Satellite Blvd, N.W. Apt. #331
Duluth, Georgia 30096

SUBJECT: Equal Justice, Medical Malpractice, and Patients' Rights

1. These violations that I am going to list have occurred in so many instances, that I am unsure where to find a beginning, a medium, or an ending. Even as I write this letter, I am overwhelmed not only by this physical pain but a heartache that threatens to stop my breathing at any moment. Sometimes, I feel that my heart will cease to beat but I will attempt to remain impartial and objective until the end. **O give thanks unto the LORD, for he is good: for his mercy *endureth* forever.**

2. It all began in 1998 (and even before this historic moment) when I was commissioned as a second lieutenant and enlisted in the United States Air Force as a Registered Nurse. When I successfully completed my officer training program in Montgomery, Alabama despite the odds against me; I knew that the grace of God would continue to bless, guide, and protect me in my journeys ahead, known or unknown. To this day forth, **the LORD is my light and my salvation!**

3. While on active duty at the Mountain Home AFB Hospital, my basic civil (legal/professional) and humane (patient) rights were grossly violated in several ways. I was unlawfully discriminated against based on race, gender, national origin, and professionalism. I was denied promotions, transfers, and assignments desired. In addition, I experienced prejudicial treatment by both superiors and inferiors; thus, an abuse of authority resulted. For instance, I was told that I should think of a career change b/c I would not make it as a nurse…in other words, I was incompetent. But what I believed was, **'I can do all things through Christ which strengtheneth me.'** Violation of my rights to privacy included but was not limited to: sharing my private and confidential medical details and records with those who did not have a need to know, making public my credit history to non-affiliated parties, and eavesdropping on private conversations.

4. Furthermore, my patient rights and protected health information was a thing of public knowledge to say the least! Consequently, I suffered personal injuries by the hands of my primary care practitioners, other health care providers, and the hospitals/facilities in which I sought help. For extended periods of time, I was denied access to proper medical care resulting in lack of diagnosis, inadequate, and improper medical treatments. For instance, I was prescribed several medications for 'headache' pain/spasms such as diclofenac (voltaren) 75 mg; ibuprofen (motrin) 400 mg; methocarbamol (robaxin) 500 mg; naproxen (naprosyn) 500 mg. Finally, midrin po capsules were prescribed for tension headaches with sedative side effects. '…**whosoever putteth, his trust in the lord shall be safe.'**

5. Although, it was known that I had symptoms of Raynaud's phenomenon and it was not certain if I had the disease, an incident occurred when I was subjected to several cold office environments, my great thumb froze and became bluish and painful to touch. I went to the ER and was prescribed nifedipine (adalat cc) 30 mg and experienced severe headaches from this medication. My physical and emotional environment threatened my well-being daily, my only outlet was in the gymnasium. I resorted to silence, solitary living, writing letters to government officials, attorneys, the chaplain, MEO, the IG, and whomever I thought could give me temporary refuge from my circumstances. Ultimately, the one that I prayed to was the one that saved me...'**God is our refuge and strength, a very present help in trouble'.**

6. Upon my release from active duty in 2002 by way of an involuntary separation but honorable discharge, I relocated from my permanent home base still in a state of despair. This was partially due once again to delay of services and inability to access proper medical care at the VAMC/Regional Office in Boise, Idaho. By this time, I was suffering emotionally from severe depression/anxiety and physical ailments incurred while on active duty and also resulting from an automobile accident. Thus, I sought help in January 2003 at the Atlanta VAMC and Regional Office in Decatur, Georgia. **Save me, O God!**

7. I sought medical care and employment at the Atlanta VAMC. I believe that I applied a total of four times (Jan.24, 2003; Feb.05, June11, 2003; June 01, 2005). Each time, I submitted my application for a RN position with the Atlanta VAMC, I was rejected without further notice. I was sure that this was the residual effects trickling down from the MHAFB Hospital, officials, and other hospitals/facilities. I was forced to seek stable employment elsewhere which was not and still remains a difficult task. Nonetheless, I paid for my medical care in return for access to the Atlanta VAMC. I began treatment in the urgent care clinic and the women's wellness center. Thus, I had to be diligent...'**And whatsoever ye do, do it heartily, as to the LORD, and not unto men'** and persevere. In the same manner, I followed normal procedures with the Atlanta VA Regional Office until my disability compensation rating was granted in October 2003.

8. As time passed, I was eventually assigned to a practitioner in the Mental Health Clinic at the Atlanta VAMC. This said practitioner diagnosed me with several mood and psychiatric disorders (history of paranoia, bipolar II disorder, hypomanic vs. schizoaffective disorder, post-traumatic stress disorder, chronic--anxiety/depression). Psychological testing was not done at the Atlanta VA Medical Center prior to diagnoses and treatment with psychotropic medications. I was mentally as well as physically exhausted, so I took the medications as prescribed with some reservation. The following scheduled appointments were noted: 05/14/03, 06/11/03, 07/09/03, 08/06/03, 08/14/03, 08/20/03, 10/09/03, 10/24/03, 11/20/03, 02/05/04, 02/06/04, 04/29/03, 06/07/03, 07/14/04, 07/20/04, 11/02/04, 03/24/04, 12/08/04, 06/06/05, 07/25/05, 09/22/05, 10/25/05, 11/17/05, 12/06/05. **Be strong and of good courage, fear not, nor be afraid of them: for the LORD thy God, he it is that doth go with thee; he will not fail thee, nor forsake thee.**

9. The following medications were prescribed but were not limited: paroxetine HCL 20-30mg tablet by mouth daily; risperidone 1-2mg tablet by mouth at bedtime; aripiprazole (abilify) 7.5 mg-15 mg tablet by mouth daily; quetiapine fumarate (seroquel) 25 mg tablet by mouth at bedtime. I requested re-evaluation and neurological testing when I first began experiencing adverse effects with

risperidone. I was told on several different occasions by my provider that he would follow-up with scheduling but he had not. I stated that I would no longer continue on the above named medication and was told that I should switch to another class of medication (at the time it was a newer atypical medication known as 'abilify'...I was given a trial pack). I experienced several side effects and adverse reactions to these prescribed medications such as galactorrhea or nipple discharge-prolactinemia; 'electric sensations' in head and body; 'rolling-eye syndrome' or neuroleptic-induced oculogyric crises a/w atypical antipsychotics (as noted on 01/10/05 by neurologist). Consequently, I experienced several near death episodes driving on the road and may have also lost my job due to noted oculogyric crisis. **I will lift up mine eyes unto the hills, from whence cometh my help.**

10. It is my hope that precious and innocent lives would not be lost in vain. **Hear my prayer, O LORD, and let my cry come unto thee.** Charity suffereth long, *and* is kind; charity envieth not; charity vaunteth not itself, is not puffed up, doth not behave itself unseemly, seeketh not her own, is not easily provoked, thinketh no evil; rejoiceth not in iniquity, but rejoiceth in the truth; beareth all things, believeth all things, hopeth all things, endureth all things....And now abideth faith, hope, charity, these three; but the greatest of these *is* charity **(I CORINTHIANS 13).** Throughout all my trails and tribulations, **the LORD is my shepherd and I will bless the LORD at all times.**

11. In conclusion, having cited several instances of violations to my basic civil (legal/professional), and humane (patient) rights...the gross injustice still remains in knowing and doing what is expected of me...**So then every one of us shall give account of himself to God.** Thus, I would like to submit a formal complaint against the Mountain Home AFB Hospital and the Atlanta VA Medical Center based on the following facts: personal injury to include pain and suffering, physical and emotional distress, loss of wages and other economic benefits, violation of civil/privacy rights, and defamation of character.

12. Thank you all for your time, consideration, and dedication to these matters. I pray that my efforts may bring about a fair and justifiable end to these issues as reasonably allowed under due process of the law. I respectfully, await your responses. Additionally, I myself would like to bring closure to this cause of action, so that I may truly be free!

Sincerely,

Marcia L. Madden, RN, BSN