IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCIA LORRAINE MADDEN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * **Case No.** |
| | * |
| | * 06-CV-0356 (RBW) |
| **UNITED STATES OF AMERICA, et al.,** | * |
| | * |
| | * |
| | * |
| Defendants. | * |
| _____ | * |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.   STATEMENT OF FACTS**

Pro Se Plaintiff Marcia Madden has not personally served the State of Georgia Attorney General's Office (hereafter "Thurbert Baker"), nor otherwise shown a basis for subjecting Thurbert Baker to the jurisdiction of this Court. Nonetheless she sues Thurbert Baker and other federal agencies and private corporations for a plethora of legal violations including but not limited the employment discrimination, medical malpractice, negligence, personal injuries, basic civil and patient/privacy rights violations. (Doc. #7; Amended Complaint ¶¶ 5-10, 12, 22). Plaintiff seeks a total of $220,000,000 in money and punitive damages.

Defendant moves for dismissal of all of the above-mentioned claims raised in Plaintiff's Amended Complaint because of lack of personal jurisdiction, improper venue and Plaintiff's failure to state a claim upon which relief can be granted.

## II.   ARGUMENT AND CITATIONS OF AUTHORITY

### A.   THE COURT LACKS PERSONAL JURISDICTION THE STATE OF GEORGIA'S ATTORNEY GENERAL'S OFFICE[1]

On a motion to dismiss for lack of personal jurisdiction, it is the Plaintiff who bears the burden of establishing the Court's jurisdiction over the Defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed.2d 1135 (1936). Time Share Vacation Club v. Atlantic Resorts, 735 F.2d 61 (3rd Cir. 1992). There are two factors for establishing personal jurisdiction upon an out-of-state resident: the forum state's long-arm statute must extend jurisdiction, and the extension of that jurisdiction must not violate principles of due process. Paolino v. Channel Home Centers, 668 F.2d 721 (3rd Cir. 1981); Aviles v. Kunkle, 978

---

[1] Defendant acknowledges that the law of personal jurisdiction may not apply as the entity being sued is the agency of another state and thus cannot be sued in federal court at all under the Eleventh Amendment. This is discussed more thoroughly below.

F.2d 201 (5th Cir. 1992); Welsh v. Gibbs, 631 F. 2d 436 (6th Cir. 1980).

District of Columbia's long-arm statute provides as follows:

A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –

   (1) transacting any business in the District of Columbia;

   (2) contracting to supply services in the District of Columbia;

   (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

   (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

   (5) having an interest in, using, or possessing real property in the District of Columbia;

   (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

   (7) marital or parent and child relationship in the District of Columbia if:
      (A) the plaintiff resides in the District of Columbia at the time the suit is filed;
      (B) such person is personally served with process; and
      (C) in the case of a claim arising from a marital

>       relationship:
>           (i) the District of Columbia was the
>           matrimonial domicile of the parties
>           immediately prior to their separation, or
>           (ii) the cause of action to pay spousal
>           support arose under the laws of the District
>           of Columbia or under an agreement executed
>           by the parties in the District of Columbia;
>           or

D.C. Code § 13-423 (2006)

It is clear from the face of this statute that Plaintiff's Complaint does not allege a basis for the Court's exercise of personal jurisdiction over the State of Georgia, Attorney General's Office. To satisfy the due process requirement of minimum contacts, the Court must consider fairness and substantial justice as a necessary condition precedent to valid service upon an out of state defendant. Plaintiff has not demonstrated any contact by this Defendant in the District of Columbia.

Federal due process requires that a non-resident defendant have minimum contact with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). A defendant establishes minimum contact with a forum state by committing some act by which he purposefully avails himself of the privilege of conducting activities within the forum state, thus involving the

benefits and protection of its laws.  Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958).  These contacts must be of the nature such that the individual non-resident defendant "should reasonably anticipate being hauled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2184 (1985) (citing World Wide Volkswagen, 444 U.S. at 295, 100 S.Ct. at 566).

In the instant case, Plaintiff's failure to allege or show sufficient contacts between the Defendant and the District of Columbia justifies dismissal of this lawsuit against Thurbert Baker for lack of personal jurisdiction.

### B. VENUE IS NOT PROPER

Plaintiff states no justification for her choice of venue. There is no diversity of citizenship in this case since Plaintiff and Thurbert Baker are both citizens of the State of Georgia.  Venue is improper in the District of Columbia thus this case should be dismissed for improper venue or alternatively, transferred pursuant to 28 U.S.C. § 1406(a).

### C. PLAINTIFFS CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND GEORGIA'S TORT CLAIM ACT

Even if Plaintiff's claims could procedurally proceed in this Court, such claims would still be barred by the Eleventh

5

Amendment to the United States Constitution.  Plaintiff is suing an agency of the State of Georgia in federal court.  Such actions are specifically barred by the Eleventh Amendment to the United States Constitution.

It is long established that the Eleventh Amendment bars suit against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest or when any monetary recovery would be paid from State funds.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100-01 (1984); Silver v. Baggiano, 804 F.2d 1211, 1213-14 (11th Cir. 1986).  The United States Supreme Court has construed the Eleventh Amendment jurisdictional bar to extend to federal suits against a non-consenting state "by her own citizens as well as citizens of another state."  Port Authority Trans-Hudson v. Feeney, 495 U.S. 299 (1990) (quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) (Pennhurst II).

The Eleventh Amendment is an absolute bar to damage actions against the State, its entities and its officers in their official capacity in federal court.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 65 (1989); Gamble v. Florida Department of Health & Rehab. Services, 779 F.2d 1509,1511-20

6

(11th Cir. 1986); Fouche v. Jekyll Island State Park Authority, 713 F.2d 1518, 1520-22 (11th Cir. 1983). See also, Hobbs v. Georgia Dept. of Transportation, 785 F. Supp. 980 (N.D. Ga. 1991).

The Georgia Constitution provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. Art. 1, 2, Para. 9(f). Therefore, Georgia has not waived the immunity provided it and its officials under the Eleventh Amendment. The claims against the State of Georgia Attorney General's Office must be dismissed as they are barred by the Eleventh Amendment to the United States Constitution.

In addition, the Georgia Tort Claims Act specifically reserves the State's immunity from suit on tort claims in the Federal Courts. The Georgia General Assembly expressly preserved the State's Eleventh Amendment immunity when it enacted the Georgia Tort Claims Act ("GTCA"): "The state waives its sovereign immunity only to the extent and in the manner provided in [the GTCA] and only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States." O.C.G.A. § 50-21-23(b).

7

D. <u>PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST GEORGIA'S ATTORNEY GENERAL'S OFFICE (THURBERT BAKER)</u>.

Plaintiff's generalized allegations against several defendants, sued in the caption of her lawsuit is insufficient to place Georgia Attorney General's Office on notice as to what it allegedly did to violate Plaintiff's legal rights. There are no specific allegations against the Attorney General's Office (Thurbert Baker) whatsoever that places the agency on notice as to what its alleged misconduct or role is regarding her claims of employment discrimination, medical malpractice, negligence, personal injuries, basic civil and patient/privacy rights violations.

Since the amended complaint fails to set forth an account of the basic facts which serve as a basis for plaintiff's claims against Defendant, it violates Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim under Rule 12(b)(6). Rule 8(a) of the F.R.C.P. requires that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>United States ex rel. Williams v. Martin-Baker Aircraft Co.</u>, 363 U.S. App. D.C. 419, 389 F.3d 1252, 1256 (D.C. Cir. 2004). <u>Iwachiw v. N.Y. State DMV</u>, 396 F.3d 525, 529 (2d Cir. 2005). It should be plain "in order to give the adverse party fair notice of the claims asserted." <u>Moscowitz v.</u>

8

Brown, 850 F. Supp. 1185, 1189 (S.D.N.Y. 1994). See also Kingman Park Civic Ass'n v. Williams, 358 U.S. App. D.C. 295, 348 F.3d 1033, 1040 (D.C. Cir. 2003); Grogan v. General Maintenance Service Co., 246 D.C. App. 154, 763 F.2d 444, 449, (D.C. Cir. 1985).

    A complaint fails to meet the standards of Rule 8(a) when it is "so poorly composed as to be functionally illegible" and "so baldly conclusory that it fails to give notice of the basic events and circumstances of which plaintiff complains." Shuster v. Oppelman, 962 F. Supp. 394, 395 (S.D.N.Y. 1997). This complaint is "functionally illegible" and fails to set forth in any comprehensible way "the basic events and circumstances" that plaintiff is suing about. Shuster, supra, 962 F. Supp. at 395. While pro se complaints are generally construed more liberally and held to less stringent standards than formal pleading drafted by lawyers they are still subject to the requirements of Fed. R. Civ. P. Rule 8. Id. at 396. As plaintiff's Complaint fails to state any factual claim upon which relief can be granted against Georgia Attorney General's Office (Thurbert Baker), it should be dismissed.

## III. CONCLUSION

Based upon the foregoing, the Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety against Georgia Attorney General's Office.

This 21th day of August, 2006.

    Respectfully Submitted

    **THURBERT E. BAKER     033887**
    Attorney General

    **KATHLEEN M. PACIOUS 558555**
    Deputy Attorney General

    **JOHN C. JONES           401250**
    Sr. Asst. Attorney General


    /s/Aaron B. Mason
    Georgia Bar No.     475524
    Assistant Attorney General
    Attorney for Defendant Thurbert Baker (State of Georgia's Office of the Attorney General)

Please Address All
Communications To:

**AARON MASON**
Assistant Attorney General
40 Capitol Square, S. W.
Atlanta, GA   30334-1300
Telephone: (404) 463-8850
Facsimile: (404) 651-5304
email: aaron.mason@law.state.ga.us

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing, **MOTION TO DISMISS and BRIEF IN SUPPORT**, prior to filing same, by depositing a copy thereof, postage prepaid in the United States Mail, properly addressed upon:

>   Marcia Lorraine Madden
>   2951 Satelite Blvd., N.W
>   Duluth, Georgia 30096

This 21th day of August, 2006.

>                                /s/Aaron B. Mason
>                                Georgia Bar No.    475524
>                                Assistant Attorney General