UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

MARCIA LORRAINE MADDEN,                          :
                                                 :
                              Plaintiff,          :           Civil Action No.:
                                                 :           06-0356 (RBW)
              v.                                 :
                                                 :
UNITED STATES OF AMERICA, et al.,                :
                                                 :
                              Defendants.         :           August 7, 2006
-------------------------------------------------------X

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS,
REQUEST FOR ADMISSION &
STRIKE DEFENDANT'S MOTION TO DISMISS**

Pro se Plaintiff, also known as Pro se Litigant, Marcia Lorraine Madden, hereby

Motions this Court, pursuant to (1) Federal Rule of Civil Procedure 12(f), to strike

Defendants' motion to dismiss because 'of insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter.' Pro se Plaintiff, hereafter Motions this

court under (2) Fed. R. Civ. P. 12(c), 56(a) & (c), to proceed with summary judgment on

the pleadings set forth by pro se litigant in this lawsuit.  Additionally, Pro se Plaintiff,

hereby ask the Court to assist in obtaining documents and records that, have not been

released by the opposing sides during this discovery period.  Pursuant to Fed. R. Civ. P.

26(a) (1) (a-e)"..or to the extent otherwise stipulated or directed by order, a party must,

without awaiting a discovery request, provide to other parties.."  Furthermore, at this

point in time, this civil wrong lawsuit/tort complaint can hereby, be considered a criminal

matter…….. case in point concerning pro se litigant, Marcia Lorraine Madden.  Pursuant

to Federal Rule 56, Pro se Plaintiff/Litigant Motions the court to Request for Admission

of Electronic Medical Documentation/Police Record's from the Gwinnett County

**RECEIVED**

AUG 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sheriff's Department/Administration Building of the Gwinnett Detention Center

concerning dates 6/20/06 to 6/27/06.  Medical Record's/Electronic Medical

Documentation from Georgia and Idaho Department of Veterans Affairs dated from

November 2002 to December 2005.  In/Active Duty Medical Record's/Electronic

Medical Documentation from the Department of the Air Force—Headquarters Air

Reserve National Personnel Center from 7/20/99 to 10/22/02  and other progress notes,

dates unknown.  In support of these Motions, Pro se Plaintiff will show "by a

preponderance of evidence" that same has exhausted all administrative remedies under

the Federal Tort Claims Act, 28 U.S. C. and the case is being properly brought before the

Fourth Circuit Court of Appeals.  In addition, the jurisdictional amount or amount in

controversy and requested relief asserted in complainants' original claim more than

exceeds the amount of $250,000 for pain & suffering and other punitive damages.

---

(1) Upon motion made by a party before responding to a pleading or, if no responsive pleading is
permitted by these rules, upon motion made by a party within 20 days after the service of
pleading upon the party or upon the court's own initiative at any time, the court may order
stricken from any pleading, any insufficient defense or any redundant, immaterial, impertinent, or
scandalous matter.  Fed. R. Civ. P. 12(f).

(2) After the pleadings are closed but within such time as not to delay the trial, any party may
move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters
outside the pleading are presented to and not excluded by the court, the motion shall be treated as
one for summary judgment and disposed of as provided in rule 56, and all parties shall be given
reasonable opportunity to present all material made pertinent to such a motion by rule 56.  Fed. R.
Civ. P 12(c).

Submitted in Faith, Hope, & Charity,

*Marcia L Madden*

MARCIA LORRAINE MADDEN
<u>Pro Se</u> Attorney/Plaintiff/Litigant
2951 Satellite Blvd., N.W.
Apartment #331
Duluth, Georgia 30096

---

(2)  A party seeking recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.  Fed. R. Civ. P. 56(a).

The Motion shall be served at least 10 days before the time fixed for the hearing....A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Fed. R. Civ. P. 56(c).

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------X
MARCIA LORRAINE MADDEN,                     :
                                            :
                             Plaintiff,     :          Civil Action No.:
                                            :          06-0356 (RBW)
              v.                            :
                                            :
UNITED STATES OF AMERICA, et al.,           :
                                            :
                             Defendants.    :          August 7, 2006
------------------------------------------------------X
```

**MEMORANDUM OF ACTUAL EVENTS, DOCUMENTED RECORDS, AND
FACTUAL REPORTS IN SUPPORT OF PLAINTIFF'S MOTION TO REQUEST
FOR ADMISSION & JUDGMENT ON THE PLEADINGS**

Pro Se Plaintiff/Litigant Motions to Request for Admission of EEO Complaint

Case No. 2001-0557-20031303257 with Office of Resolution Management; Notice of

Right to File with EEOC Hearings Unit at the Atlanta/District Field Office.  Military

Equal Opportunity (MEO) Complaint Case Files E1-001-04 and E1-002-04, and Social

Actions.  Inspector General's (IG) Complaints of the following cases involving Second

Lieutenant Marcia L. Madden:  MWA10131, MWA010070, MWA010088,

MWA010074, MWA010006, MWA010111, HHF013049.  Pro se Plaintiff, Marcia

Lorraine Madden, can justify all allegations set forth in these affidavits, sworn and

notarized statements within a Civil Litigation Complaint dated 02/27/06, and Amended

Complaint dated 03/13/06.  It has been more than six months since Pro se Plaintiff was

able to initiate a claim with the Claims and Tort Division against the Department of the

Air Force and the Department of Veterans Affairs under the Federal Tort Claims Act, 28

U. S. C.  Please allow clarification that Pro se Plaintiff was instructed to address all

claims for damage, injury, or death to the U.S. Department of Veterans Affairs by Ms.

Ellen M. Hastings, attorney with the Atlanta VA Regional Counsel's Office. Upon

follow-up, Plaintiff was then informed that Ms. Deborah Morrell was the assigned

attorney on the case but Plaintiff was never kept up-to-date or abreast of any proceeds

regarding the case against the Department of Veterans Affairs--Atlanta VA Medical

Center and the Department of the Air Force Defense. Nonetheless, Pro se Plaintiff has

received no further correspondence from the Office of the Regional Counsel since her

FTCA claims were filed on January 23, 2006. Additionally, Pro se Plaintiff has received

no inquiries from defendants, Honorable Thurbert Baker-Georgia State Attorney

General's Office nor the National Council of State Boards of Nursing. Consequently, Pro

se Plaintiff should not be held accountable for lack of follow-up from the Atlanta VA

Regional Office and other government agencies.

Pro se Plaintiff contacted the United States District Court for the District of

Columbia and was directed and instructed via the clerk's office on how to proceed with

filing a Civil Complaint with the fourth District Court. Although, Pro se Plaintiff has

attempted on several different occasions to obtain legal help; she has been forced to

proceed without any form of guidance, legal or otherwise. The following documents are

marked as Exhibits 1-7: Letter dated 8/28/02 from Jimmonique Rodgers (Assistant

General Council—NAACP). Faxed Memorandum to Victor Kelley, retired military

lawyer.    Phone conversations with Eugene R. Fidell & Matthew S. Freedus, military

defense attorney's. Letter dated 04/25/03 from Mary A. Prebula, P.C.; Letter dated

9/15/03 from attorney William E. Cassara, Esquire; Undated Letter from Ron Martz, The

Atlanta Journal Constitution. In-person and telephone appointments with Attorney

Michael R. Johnson 12/9/05 and 01/23/06. Pro se Plaintiff, Marcia Lorraine Madden, was partially directed by Attorney Michael R. Johnson, Sr. to initiate a claim for damage, injury or death with the Department of Veterans Affairs-Atlanta VA Regional Counsels' Office. (3) Unable to obtain any further legal advice, Pro se Plaintiff submitted a Motion to proceed *in forma pauperis* on 3/13/06 with the clerk's office for the District of Columbia.

Please mark the accompanying documents as Exhibits 8-23. Letter dated 03/08/06 from (AFLSA/JACT)-Dept. of the Air Force, Claims & Tort Litigation Division; Letter dated 02/24/06 (Civil Division, Torts Branch)-U.S. Department of Justice; Letter dated 02/7/06 (OIG)-Dept. of Veterans Affairs; Standard Form 95-108 (Claim For Damage, Injury, or Death) dated 01/23/06; Letter dated 9/16/02 from James N. Worth, Colonel, USAF (Director, Inquiries Directorate--SAF/IGO); Letter dated 9/5/02 from Harlan G. Wilder (Office of The Judge Advocate General—HQ USAF/JAG); Letter dated 06/25/01, and 05/22/01 from Hillary Rodham Clinton (United States Senate); Letter dated 8/26/02 from Lawrence B. Wilkerson (Chief of Staff-- Secretary of State Colin L. Powell); Letter dated 06/15/01 from Michael K. Gibson, Lt Col, USAF (Deputy Chief, Congressional Inquiry Division)-Office of Legislative Liason. Memorandums for Record: Memo to New York State Education Department dated 31 Oct '01; Memo to Colin L. Powell dated 20 April '01; Memo to 366 MEO dated 05 April '01; Memo to 366 Wing IG/LT Colonel Wojan dated 15 June '01;

_____\\\

(3) Procedurally, it should be noted that on 3/13/06, Pro se Plaintiff had Motioned the court to proceed *in forma pauperis,* whose pages has been left intentionally blank. The Motion was received on March 15, 2006 by Nancy Mayer-Whittington, clerk's office, US District Court.

Memo to Secretary of State/Colin L. Powell dated August 10, 2002; SAF/Dr. James G.

Roche dated 12 Aug '02; Memo to HQ ACC, HQ AFPC/DPPPO, SAF/Dr. James G.

Roche, IN-TURN Secretary of State/Colin L. Powell, USAF JAG/Major General Thomas

J. Fiscus, dated 16 Aug '02.

## I. STATEMENT OF FACTS

Pro Se Plaintiff/Litigant, Marcia Lorraine Madden, seeks punitive damages in the

amount of $37,000,000; $73,000,000 or totaling $110,000,000 based upon claims of

actual events of occurrences/documented records/factual reports of medical malpractice;

negligence; personal injuries; adverse reactions to prescribed medications; infliction of

emotional distress—post-traumatic stress disorder/anxiety/aggravation of diagnosed

medical conditions among others. Please refer to noted Memorandums addressed to

Albert Gonzales-United States District Attorney General for the District of Columbia;

Thurbert Baker-Georgia State Attorney General's Office; Thomas A. Cappello/Fache &

Jon A. Wooditch/IG-Atlanta VA Medical Center; Frank Curvin, M.D.-Atlanta VAMC;

Health & Human Services-Office for Civil Rights and dated January 21, 2006, December

12, 2005 and 25 Oct '05. Pro se Plaintiff has documented and shown several instances of

abuse of authority; employment/racial discrimination; medical malpractice; negligence;

personal injuries and property damages (automobile); patient advocacy complaints;

tampering with official mail documents/IG complaints; and violation of civil/privacy

rights the hands of federal government employees, medical professionals, para-

professionals, and other lay personnel. Pro se Plaintiff asserts that through discovery of

facts barred from this ongoing case against the defendants, Pro se Litigant can prove

beyond a shadow of doubt that ruling should be in favor of plaintiff.

Pro se Plaintiff was a former resident of New York State, Second Lieutenant in the United States Air Force with the 366th Medical Operations Squadron, Mountain Home Air Force Base, Idaho and is a disabled veteran currently residing in the state of Georgia. Pro se Plaintiff, Marcia Lorraine Madden, would like to inform the court that she will be vacating such residence in Gwinnett County, Georgia no later than 9/26/06 upon termination of apartment lease agreement. Plaintiff is also a registered nurse, who was licensed in the state of New York and Georgia but unable to obtain gainful and lengthy employment as a direct result of suspension of nursing privileges and revocation of RN license by the United States Air Force (AFMOA/SGZC) through directory communicated to the National Council on the State Boards of Nursing.

Plaintiff's mental and physical conditions were recently aggravated on 6/20/06 when she was falsely arrested and secretly locked up in the GWINNETT DETENTION CENTER (SHERIFF'S DEPARTMENT), located at 2900 University Parkway, Lawrenceville, Georgia 30043. Since such time, Pro se Plaintiff has experienced aggravation of heart condition known as tricuspid valve regurgitation/faulty valve leak; difficulty breathing and swallowing; aggravation of blood circulation disorder known as G6PD Deficiency resulting in tachycardia, heart fibrillation/flutters, & toe blisters; new onset left leg cold cramping syndromes; new onset eye pain/muscle strain or inflammation of left upper eye vessel; earache/backache pains; denial of hygienic baths resulting in back and groin rashes; constipation and diarrhea; and mistreatment by deputies/security guards resulting in scratches on back, dizziness, and quadruple heart attack syndromes. All of these instances of abuses, deliberate or unintentional has inflicted more emotional distress on Pro se Plaintiff than is allowable for one individual

to handle alone. A sworn statement of factual assertions against the Gwinnett County
Sheriff's Department/Detention Center is submitted below by <u>Pro se</u> Plaintiff/Litigant:

"The fact is that I have been abused, exploited, and used since the day that I was
conceived but my Heavenly Father, GOD had a greater plan for my life and that is why I
am still alive today. The fact is that I have tried over and over again to give human
beings (professional and lay persons such as doctors, lawyers, police officers,
supervisors, friends/lovers, family members, rich and poor) a chance to rise above their
circumstances but all the while being forced to stoop to their level and having to repent
afterwards. The latest example takes place in GWINNETT COUNTY, GEORGIA. On
01/23/06, I was issued a traffic ticket in the city of Duluth for violation of traffic code 40-
2-8(A): Expired tag. I explained to Officer Barrett (B576) that due to illness at home,
emotional distress, and unemployment that I was unable to pay at the due time. He
instructed me on how to proceed and what to do/say if I was stopped for the same
violation during the time of traveling and awaiting sufficient funds to pay. My time on
the road was limited to errands and for emergency purposes only. On 02/10/06, when I
had sufficient funds after paying some bills and utilities, I called for driving directions to
the GWINNETT COUNTY GOVERNMENT ANNEX BLDG at 750 North Perry Street,
Lawrenceville, Georgia. This was the location to which I was instructed to go and pay
the traffic fine. On my way to the government annex building in the city of
Lawrenceville, I noticed a motorcycled police officer behind for at least two or three
miles on his motorcycle but he made no attempt to stop me. I realized that he was
pursuing me all the while when he finally turned on the siren and signaled me to pull over
as I turned the corner onto North Perry Street. He asked for my license and registration

as he approached my vehicle. When I handed him the requested information, the initial

traffic ticket was in my portfolio and I explained to him that I was aware of the violation.

I further stated that at this very moment, I was on my way to pay a fine for the traffic

violation. I informed him of the instructions given to me by Officer, Scott D. Barrett

(B576) on 01/23/06 and I pointed to the government annex building as it was visible to

both of us. Officer Hydrick (B68), walked back to his motorcycle and conferenced on his

radiophone for a short while before returning to re-issue me another ticket for the same

traffic offense. I was flabbergasted because I had tried to be courteous in pleading my

case to him. Anyway, I was told to sign only, do not write any comments and afterwards,

that I needed to go to court and make explanations to the judge. I then continue on to the

Government Annex Building and was further directed to the recorder's court located at

115 Stone Mountain Street, Lawrenceville, GA 30045 across the street from the

government annex building. I paid $140.00 using my USAA credit card as fine for this

traffic violation. I received a receipt showing 40% fine in the amount of $140.00 and

listing me as Defendant: M MADDEN with an address: 2931 Shunck Rd #331/Duluth,

GA 30096. Note: The address shown was incorrect and the initial M could have meant

anyone. Please see receipt Number 37404 dated 02-10-06 and marked as Exhibit 24. I

did not understand the meaning of this apparent injustice but I was very sick to the point

of anxiety/hand tremors. I attempted to pay a fine for this second traffic ticket but was

told that I could not do that at this location, I needed to go to the courthouse across the

street. A uniformed guard intervened and instructed me to go to the Municipal Court of

Lawrenceville across the street. She stated that I should give a copy of the second traffic

violation and I could rectify the situation and prevent me from returning to the

courthouse. Upon leaving the recorder's court, I went to the Municipal Court of Lawrenceville located at 70 South Clayton Street, Lawrenceville, GA as instructed but the secretary at the window said that she could not help at this time.

I returned home in my same state of distress and attempted to rectify the situation at least two or more times by seeking help through the local neighborhood police department, GWINNETT COUNTY, CENTRAL PRECINCT located at 3125 Satellite Blvd., N.W., Duluth, GA 30096. I was attempting to locate the initial issuing Officer (Scott D. Barrett) for the violation, to be my witness at the court when I spoke with the judge. I was not able to contact him and have not spoken to him since the day he issued me the ticket. I had no phone service, so I asked for his contact information and requested for the police department to give him the messages. I went home and literally forgot about the whole issue because the papers were in my car/glove compartment and I was weary of fighting another injustice. In April, I received a notice of failure to appear warrant. I did not understand the legal ramifications of this, so I called the number provided to the courthouse and requested to speak to the person in charge at that number. At that time, I was told it was not an active warrant for arrest but I needed to pay $285.00. I still felt the actual injustice of the whole case because again, I did not have sufficient funds to pay while I needed my emergency funds to pay off bill collections, other debts, monthly utilities and rent. Note: I believe that this was around the time or a little before I was told that I could use money from the Roth IRA for emergency purposes without penalty. I finally, decided to pay the fine of $285.00 after two or more attempts at calling the courthouse and stopping by the local police department failed to bring about the resolution that I sought. It was to the detriment of my soul on the morning of 6/20/06,

when on my final attempt to pay the fine, I walked into the GWINNETT COUNTY,

CENTRAL PRECINCT; and requested assistance as instructed to do by the Gwinnett

County Police located at 770 Hi-Hope Road/P.O. Box 602/Lawrenceville, Georgia

30046. What I found out after speaking to three uniformed officers about the fine was

that the warrant was now active and I was under arrest. At no time, was I ever read my

Miranda rights from the initiation of, during, or ending our conversation. All the while, I

was still naïve and assumed that the police officers wanted to help and protect me so I

trusted them. That all changed when I was falsely jailed and locked up in the

GWINNETT COUNTY DETENTION CENTER or SHERIFF'S ADMINISTRATION

BUILDING located at 2900 University Parkway/Lawrenceville, GA 30043 for this said

traffic violation and failure to appear. My photo was taken, belongings checked in, and

medical survey and vital statistics obtained by a prison nurse. However, I exercised my

inmate rights and refused to sign consent to any medical treatments while incarcerated

against my will. Nonetheless, I initially cooperated and informed the prison

nurse/medical staff of my medical conditions as not to aggravate them or my mental and

physical well being.

One of the arresting officers with the Gwinnett County Police Department,

Officer J. Forrest had driven me to the Detention Center and was now gone. I still could

not see the bigger picture of injustice until I was processed in the prison and falsely

reassured that I would be allowed to make a phone call to have someone come and post

bond that day. I cooperated as long as I was able to and I even spoke with a counselor at

their request while I was in the holding cell out front. Even after reassuring the counselor

that I had no suicidal or homicidal thoughts and being reassured in then that she would

help. I, later on find that my glasses would be snatched from my face and I was ushered barefooted in a gown to the suicide unit' unknown to me at the time. The story about making a valid phone call, also changed, once I was taken to a suicide cell in the medical unit and the doors were slammed shut and the keys thrown away. I found this to be literally true, when the officer shoved me inside the cell and whispered in my ear..yes, you are in jail now (translation: we've got you..you're in the hands of the enemy and we will do with you what we will at our discretion). Nervousness set in to the point of restless/sleepless days and nights, tachycardia, heartache & pains and remained with me throughout this ordeal. I was never given the option to call or have an attorney present at any time during the game even after I requested one since I could not eat or sleep. I was dying and the only way to get any help was to attempt to make a phone call to the outside world but that was still three days after attempting to do so, and requesting assistance to no avail. I was fingerprinted on the phones but none of my phone calls would go through, collect or straight. I wrote a note requesting a straight call with money I had on me (money that I was hoping to add up to $285.00) at the time of arrest. In so far, I was tormented until the day I was released on 6/27/06. The deputies, medical staff, and security guards (7x3=21) were all derelict in performing their duties. Moreover, in doing so, nothing again, has caused me unimaginable pains, stresses, and distresses. No matter where you are employed, working as a human being and devoid of all compassion or love in your heart, will always create a negligent dereliction of duties, even in their own homes."

## II. CLOSING ARGUMENTS

This Civil Litigation/Criminal Matter has soared way above a complaint alleging major wrongdoings but has always been a Pursuit of Basic Civil Liberties & Rights, Individual Equality & Justice, Personal Happiness & Love, and Compassion for Humanity. Subjectively speaking, in order to tell my story, it has been to the detriment of my very soul; my emotional well-being (infliction of multiple emotional distresses, personal exploitations/violations) and physical health (abuses/mistreatments, personal injuries, medical malpractice, and negligence) is threatened and my life cut short. Once soaring in spirit and strong in soul; I am overwhelmed by the world's cruelty, and reduced by hatred that has weakened my very heart, manifesting itself in a feeble body riddled by multiple accidents. Half the time, I am falling in life and getting up again, renewed by the Lord's strength. For example, I fell on 3/31/06 at the Merritt @ Satellite Place Apartments--Fitness Center, almost striking my head on the exercise equipment but bracing the fall instead and sustaining a massive scar on my right forearm. Recently, I fell again on 8/10/06 in my bathroom at the Merritt @ Satellite Place Apartments, while working to stabilize a loose shower/curtain rod; enduring minor cuts and bruises with neck pain, knee and elbow sprain/strain. These incidents have more than frightened me but could have really discouraged my plight in life, had I endured a broken bone. I could have given up many times on this journey to freedom but because of my strong faith, hope, and belief in a higher being, GOD ALMIGHTY, I am guided up this road to freedom. I came to realize that my Heavenly Father, HE was my very help and strength *(..but the greatest of these is charity)*, even the more so when my load became heavier and heavier to carry alone. Continuously, I ask myself, "what would I have done, had it

not been for the Lord's grace and mercy, bestowed upon me through our Father, GOD?"
Quoting inspirations of the LORD's grace and glory unto me: *psalm 86:13* <**For great is
thy mercy toward me: and thou hast delivered my soul from the lowest hell. *v.15:*
But thou, O Lord, *art* a God full of compassion, and gracious, long-suffering, and
plenteous in mercy and truth.**> I am seemingly comforted, guided, and protected many
times over when my burden becomes too much to bear. These are the more reasons to
give praises unto HIS name as GOD gives me inspiration through *Psalms 79:11* <**Let the
sighing of the prisoner come before thee;  according to the greatness of thy power
preserve thou those that are appointed to die;**> Another one of my favorite prayer in
times of distress is *Psalm 69* and it continues to tell my story since I started out on this
never-ending journey. Believe me when I say that GOD is not an evil GOD but a
graceful one who renders HIS tender mercies and avenges the cause of HIS own chosen
people..please refer to Psalm 78 vs. 1-72, the children of Israel in the desert. *Psalm 78:7*
<**That they might set their hope in GOD, and not forget the works of GOD, but keep
his commandments**>; *psalm 78:11*<**And forgat his works, and his wonders that he
had shewed them.**>  < *psalm 78:32* <**For all this they sinned still, and believed not
for his wondrous works**>; *pslam 78:38* <**But he, being full of  compassion, forgave
their iniquity, and destroyed them not:  yea, many a time turned he his anger away,
and did not stir up *all* his wrath.**>; *psalm78:72*<**So he fed them according to the
integrity of his heart; and guided them by the skillfulness of his hands.**>

Pro se Plaintiff/Litigant, Marcia Lorraine Madden, has made every effort afforded
to pursue prosecuting the above-captioned defendants but to no avail. Remember that
GOD has always been her only source for real guidance and true help and whatever she

was able to do was because of HIM. Affirmatively, I, Marcia Lorraine Madden, will continue to trust in GOD because all humankind will fail you every time if you put your trust in mammon and not the Almighty God. Pro se Plaintiff is currently in poor-health, feeble & malaise, unable to work, bed-bound at times, and unable to get around without a vehicle due to repossession, even to a doctor of choice. See also, Certified Letter dated 8/1/06, attached as Exhibit 25. My very precious life has been cut short due to the many sins of being human and everyone/thing that I have loved and held dear to my heart has been taken away. I, Marcia Lorraine Madden, is very angry with humankind because I was born into sin and have been made to lower myself to the status of human being. I truly believe that I have been punished for crimes even unknown to me. As professionals, we are taught that the human brain is a very complicated yet vulnerable machine influencing the intricate workings of the mind. Well, if you know this, then you must also believe that the mind can be easily corrupted when the brain is manipulated. However, the occurrences of the mind are too complicated for human beings to decipher its content on their own, rendering it powerless against the GOD who designed them and who controls all minds. HIS awesome wonder will only be seen if HE decides to unscramble the maze and unlock the mind to reveal the truth of HIMSELF to an un-believing sinner wo/man. Human beings are as vulnerable as the brain is complicated because they will lose control of their mind if corrupted or pretend insanity if the brain is manipulated. Finally, if no love lives within, humanity will never comprehend the glorious wonder of a true & living GOD who scarcely takes control of only the pure in heart. I, myself have been guilty of this very fact..not knowing the greater plan that GOD has for my life, which HE controls.

## III. CONCLUSION

My advice to humankind is simply this: Do not live your life for Marcia Lorraine Madden or any former/future idol but strive to be like GOD. Be steadfast and unchanging because only then will you know the true and living GOD. Practice how to love as GOD has loved you but please, do not sacrifice HIS name-sake for your own selfish gains and redemption. I cannot reveal GOD's perfect plan for the human race, HE has to show you, HIMSELF just as he reveals it to me on my daily walk in life's journey.

As shown "by a preponderance of evidence" judgment should be awarded in favor of the Plaintiff. Please grant Pro se Litigant/Plaintiff's Motion for Judgment on the Pleadings.

Respectfully Submitted in Faith, Hope & Charity,

MARCIA LORRAINE MADDEN
Pro Se Attorney/Plaintiff/Litigant
2951 Satellite Blvd., N.W.
Duluth, Georgia 30096

## CERTIFICATE OF SERVICE

I, **MARCIA LORRAINE MADDEN**, hereby certify that on August 14th, 2006, a

sworn affidavit of actual events, factual documents, and written statements were

submitted motioning this court to proceed on summary judgment in pleadings. Service is

upon the United States Department of Justice/Attorney's Office via U.S. Certified &

First-Class Mail. Address for service is noted below as follows:

PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

MARCIA LORRAINE MADDEN
Pro se Attorney/Litigant/Plaintiff
2951 Satellite Blvd., N.W.
Apartment #331
Duluth, Georgia 30096