UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA LORRAINE MADDEN,       )<br>                                                              )<br>                   Plaintiff,            )<br>         v.                                       )     Civil Action No. 06-0356 (RBW)<br>                                                              )<br>UNITED STATES OF AMERICA, et al.,  )<br>                                                              )<br>                   Defendants.        )<br>_____) | |

**REPLY IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, REQUEST FOR ADMISSION AND MOTION TO STRIKE MOTION TO DISMISS**

Pro se Plaintiff Marcia L. Madden brings this lawsuit alleging, inter alia, that the United States Air Force and the United States Department of Veterans Affairs acted negligently with respect to her medical care and committed other alleged torts against her including defamation.[1] Plaintiff initiated this action by filing a Complaint on February 27, 2006. Document No. 1. Plaintiff has failed to respond to most of the points raised in the government's motion to dismiss; instead Plaintiff spends the majority of her opposition to the government's motion, Document No. 18, complaining about a June 20, 2006 arrest by the Sheriff's Department in Lawrenceville, Georgia. Document 18 at 8-14.[2] Thus, the Court should grant the government's motion to

---

[1] This is, at bottom, an FTCA suit. To the extent that Plaintiff's prolix Amended Complaint contains any other claims against the Federal Defendants, Plaintiff has failed to state a basis for the Court's subject matter jurisdiction over those claims and/or they fail to state a claim. Since venue is not proper in this Court and Plaintiff has failed to exhaust her administrative remedies pursuant to the FTCA, Federal Defendants will not presently address any additional allegations. Defendants note that subject matter jurisdiction and failure to state a claim arguments are not waived but rather may be raised at any time. Fed. R. Civ. P. 12(h)(2)-(3).

[2] Document No. 18 is unpaginated. Page references are to those created by the Court's ECF system.

dismiss as uncontested as to those issues.  See e.g., Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (failure to respond may result in dismissal of action).  Plaintiff's latest filing underscores the fact that she is attempting to raise an FTCA claim against the federal government.  Document No. 18 at 5.

First, Plaintiff has ignored the government's Feres, statute of limitations and venue arguments, therefore this case must be dismissed.  Second, Plaintiff misunderstands the FTCA's exhaustion requirements.  Plaintiff states that since "her FTCA [administrative] claims were filed on January 23, 2006," more than six months ago, the Court has jurisdiction over her FTCA claims.  Plaintiff cannot exhaust her FTCA claims during the pendency of this lawsuit, thus her claims against the federal government must be dismissed.

### Plaintiff Failed to Exhaust her FTCA Administrative Remedies

Plaintiff's administrative FTCA claim forms are dated "January 23, 2006."  Document 18 at 5.  Plaintiff's lawsuit was filed on February 27, 2006.  Document No. 1.  Even assuming, for the sake of argument, that January 23, 2006 was the date that the relevant federal agencies received the forms, Plaintiff's failure to wait for a denial of her claims or the passage of six months before filing this lawsuit in February, 2006, is fatal to her FTCA claims.

A plaintiff cannot exhaust her administrative remedies during the pendency of an FTCA lawsuit.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  Plaintiffs must exhaust their administrative remedies by, inter alia, filing an administrative FTCA claim within two years after accrual of the claim and then filing a complaint in district court within six months after the agency denies the claim.  See 28 U.S.C. § 2401(b); Schuler v. United States, 628 F.2d 199, 201-02 (D.C. Cir. 1980); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987).  These

requirements are jurisdictional prerequisites to filing suit under the FTCA. See 28 U.S.C. § 2675(a); Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997).

28 U.S.C. § 2675(a) reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

(emphasis added).[3] Without a denial of her claims by the federal government, the fact that Plaintiff filed administrative claims with the Department of Veterans Affairs only a few weeks before filing this lawsuit deprives this Court of subject matter jurisdiction over Plaintiff's FTCA claims. McNeil, 508 U.S. at 112-13.

## Venue is Improper

As noted above, Plaintiff seems to have conceded this point. As explained in the government's motion to dismiss, a tort suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). A tort claim arises under the FTCA at the place where the alleged negligent acts occurred. See Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C.), aff'd, 756 F.2d 91 (D.C. Cir. 1984). Plaintiff resides in Georgia. Am. Compl. at ¶ 1. Thus, this lawsuit can be brought against the federal government only in the Northern District of Georgia, where Plaintiff resides, or where the alleged torts occurred.

Plaintiff was formerly a Second Lieutenant with the United States Air Force with the 366 Medical Operation Squadron, Mountain Home Air Force Base, Idaho. See Am. Compl. at ¶ 12.

---

[3] The statute goes on to allow the federal government 180 days in which to consider the administrative claim. Id.

Plaintiff complains about various alleged torts that occurred in Idaho and in Georgia.  See generally Compl. and the exhibits thereto.  None of the alleged traffic accidents, nor the allegedly negligent medical treatment, occurred in the District of Columbia and thus venue is improper in this district.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the federal government should be dismissed.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/ s/
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/
_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **25th** of August, 2006, a true and correct copy of the foregoing Reply in Support of Motion to Dismiss was served upon pro se plaintiff by United States mail, postage prepaid, addressed as follows:

    MARCIA LORRAINE MADDEN
    2951 Satellite Blvd., N.W. #331
    Duluth, Georgia 30096-2332

                                    /s/
                          PETER S. SMITH, D.C. Bar #465131
                          Assistant United States Attorney
                          United States Attorney's Office
                          Civil Division
                          555 4th Street, N.W.
                          Washington, D.C. 20530
                          (202) 307-0372